Davis & Sons v. Robinson.

---

## DAVIS & SONS v. ROBINSON.

1. **Evidence:** PAROL TO VARY WRITTEN CONTRACT.  Where a written contract concerning the sale of a new machine to defendant provided that an old machine, which was to be taken in part payment, was to be delivered at the time of receiving the new machine, it was not competent for defendant, in an action to recover the value of the old machine and the amount due on the notes given for the new one, to contradict the written contract by parol evidence that a delivery of the old machine was to be made at a later time.

2. **Procedure:** CAUSE WITHOUT EVIDENCE NOT SUBMITTED TO JURY.  Where there was no evidence of the wrongful suing out of the attachment, the court did not err in refusing to submit to the jury a counter-claim for damages on that ground.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, JUNE 8.

THIS is an action at law by which the plaintiffs seek to recover of the defendant the value of an old threshing-machine, and the amount due upon certain promissory notes executed by the defendant.  There was a trial by jury, and

a verdict and judgment for the plaintiffs. The defendant appeals.

*H. W. Holman* and *E. E. Hasner*, for appellant.

*Chas. E. Ransier*, for appellee.

ROTHROCK, J.—This is the second appeal in this case. (67 Iowa, 355). The opinion on the former appeal contains

**1. EVIDENCE: parol to vary written contract.** a full statement of the facts out of which the cause of action arose. It is unnecessary to repeat the facts here. It is enough to say that, when the case was remanded for a new trial, there was really no defense to the action founded upon the alleged breach of the warranty of the new machine purchased by the defendant of the plaintiffs. In the last point in the opinion, the failure to deliver the old machine was held to be a waiver of the warranty. On the last trial, an attempt was made to change the issues, and to prove that the old machine was not to be delivered until the new one was received and accepted. It was not claimed that there was at any time an actual delivery of the old machine. This was necessary in order to comply with the contract, and hold the plaintiffs to their warranty; and it was clearly incompetent for the defendant to show by parol that the old machine was to be delivered after he had tested, tried and accepted the new machine. The written contract (as we held on the former appeal) required that the old machine should be delivered by the defendant at the time the new one was received. He cannot be allowed to contradict the written contract by parol evidence showing that a delivery was to be made at a later period. This is about all there is of this case. The court below ruled that the evidence was not materially different from what it was on the former trial, and directed the jury to return a verdict for the plaintiffs. We think this was correct.

The plaintiffs caused an attachment to be issued and levied

upon certain property of the defendant. The defendant filed a counter-claim, in which he demanded damages' for an alleged wrongful and malicious suing out of the attachment. He claims that his counter-claim should have been submitted to the jury. We do not concur in his claim. As it appears to us, there was no evidence which would authorize a jury to find that the attachment was wrongfully sued out.   AFFIRMED.

*2. PROCEDURE: cause without evidence not submitted to jury.*