D. M. OSBORNE & Co., Appellee, v. WILLIAM BACKER *et al.,* Appellants.

**Contract:** WAIVER OF CONDITIONS BY AGENT.   A provision in an agreement in writing that "no one has any authority to add to, abridge or change it in any manner" is inoperative, in that it precludes any amendment of the contract by the parties themselves, and a waiver of any of the conditions of such contract by one of the parties thereto, or by a duly authorized agent, will be enforced notwithstanding such provision.

*Appeal from Buena Vista District Court.*

SATURDAY, OCTOBER 25, 1890.

ACTION on two promissory notes.   Defendants admit the execution and delivery of the notes, and plead by way of counterclaim that the consideration for the notes was a certain binder, which plaintiff warranted to the defendants, and that there was a breach thereof to their damage in the sum of one hundred and ninety dollars.   Plaintiff in reply denies a breach of the warranty, and at the conclusion of the defendants' evidence the court, on motion of plaintiff, directed a verdict in its favor for the amount of the notes, and

judgment was entered thereon, from which the defendants appeal.

*C. A. Irwin*, for appellants.

*Bailie & Sisson*, for appellee.

Granger, J.—The warranty of which a breach is claimed is as follows:

"This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge or change it in any manner. All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day. If, on starting the machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced or the machine received back from the purchaser at the office of the agent from whom it was purchased, and the money or notes returned. Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty.

"William Backer,
"Sarah Backer."

The particulars of the breach as alleged are that the binder was not well built, and did not do good work. The record shows conclusively that there was a breach of the contract, and that fact stands unquestioned. It will be observed that the contract provides that if the machine is not made to work well it will be received back "at the office of the agent from whom it was purchased," and that "keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty." The machine was not returned, and, as an excuse therefor, defendants pleaded that in due time

they made the offer to return it, and that plaintiff's agent at the place requested them to retain it for plaintiff to make further effort to put it in order.

The assignments are based on the action of the court in excluding offered testimony, and it will be necessary to set out some parts of it. The defendant, William Backer, testified that the order for the machine was given to Robert Biddle, Joseph Hoopes, and W. C. Wilson, as agents for the plaintiff. After describing the defective workings of the machine, his testimony was continued, and the following partial exhibit of the record will be sufficient to properly understand the assignments we are about to consider: "I notified the company of the defects in the machine four times. Mr. Wilson came out four times, and tried to make it work, but could not make it do any better.

"Q. How many times did they come out? A. Four times. The last time I came in and told them that the machine would not work, and I would not keep it. Mr. Biddle said they had found out it was all in the twine, and he said to keep it and they would see that it worked all right the next year. (Plaintiff objects, as incompetent, and moves to strike out the answer.) By the court: Sustained. (Defendant excepts.)

"Q. What did the plaintiffs say when you told them that you would bring the machine back? A. Mr. Biddle and Osborne's man said that it was all in the twine. I told them I did not want the machine, and I was going to bring it back, and they said keep it and they would guarantee that it would be put in working order the next year, and work all right. I asked Mr. Biddle: 'Are you working for the company yet?' He said, 'Yes.' I asked him, 'Have you authority to make this contract?' He said, 'I have.' (Plaintiff objects as incompetent. Sustained. Defendant excepts.) I kept the machine the following summer. The company sent a man out twice during the second season to remedy it, but they failed to make it work.

"*Q.* Do you know what this man Biddle was doing for D. M. Osborne & Co. at the time? *A.* Why, he was taking orders for machines, and acting as general agent. (The plaintiff moves to strike out the answer as not responsive and immaterial, and not showing that he had any knowledge of his agency or powers or authority.) By the court: I will strike out the latter clause relating to the statement of the nature of the agency. (The defendants except.)"

Eli Backer, being produced and sworn on behalf of defendants, testified: "I know that R. Biddle was the agent of plaintiff during the season of 1886. He came out to fix the binder several times, but could not make it work."

William Backer, recalled by the defendants, testified as follows: "*Q.* State whether you know whether the man that took this order was acting as general or special agent of this plaintiff. (Objected to as incompetent, immaterial and irrelevant. Objection sustained, and defendants except.)"

I. It is manifest that the effort of the defendants was to show that the plaintiff had waived the condition of the contract as to the return of the machine, and it is equally manifest that the conviction of the district court was against its right to do so, and relied for its ruling on the first sentence of the contract as follows: "This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge or change it in any manner." The language of the sentence is sufficiently comprehensive to include the parties to the contract, and, if operative, the position of the district court is certainly correct. Is, then, a stipulation in a contract that the parties to it may not change it in a lawful manner, of any force? We should be careful here to avoid a confusion of this question with that of the rights of parties to limit or restrict the manner or method of changing contracts,- as by providing how or by whom changes may be made. This contract is as conclusive against the defendants for such a purpose as against

those acting for them, and is of the same force against the plaintiff. The question may be presented more readily by an illustration. Suppose A contracts with B to erect for him a house of specified dimensions and architecture, to be completed by January 1, and the contract contains a clause identical with this as to changes. Afterwards they do agree to change the contract as to dimensions, architecture and the time of completion, and A performs under the terms of the contract as changed. Is the stipulation against changes of force against A in his effort to obtain compensation? We think not, and that the illustration is equally applicable to the question before us, so far as the parties are concerned. The authority of agents will be noticed hereafter. Treating for the moment the answers to the questions as not excluded and true, and the presence of the plaintiff in lieu of his agents, and we have this state of facts: The failure of the machine to do good work; the effort of plaintiff, and a failure to suitably repair it; the offer to return it to the place of purchase; a request by the plaintiff to retain it till another season for another opportunity to repair the defect; and an effort and failure by plaintiff to make the machine work the next season. We are of the opinion that such a state of facts would be a complete waiver of the agreement to return the machine, and that the rights of the parties to make such waiver is not, in law, denied by the stipulation in the contract against changes.

Having held that the parties by themselves might waive the agreement to return the machine, could it be done by the agent of the plaintiff? The plaintiff being an aggregation of persons, it could only act by an agent, and of necessity the change must be so made; and the stipulation has no reference to particular persons or classes of persons; it is against changes by anyone. The proceeding, then, is uninfluenced by the stipulation, and any competent agent could bind the parties.

II. The only remaining question is as to the authority of the agents, or persons with whom the

defendants were dealing. By reference to the testimony, it will be seen that the court refused to allow their agency or the extent thereof to be shown, and probably because of the stipulation against changes in the contract. The defendants should have been allowed to show the capacity in which these persons were acting, and, with the record before us, it would seem that the case of *Pitsinowsky v. Beardsley*, 37 Iowa, 9, would be a safe guide as to the authority of agents to waive such conditions. Appellee claims that the case is controlled by that of *Wood Mowing & Reaping Machine Co. v. Crow*, 70 Iowa, 340, but, as we understand, the claim is based on the effect given to the stipulation as to changes in the contract. With that obstacle disposed of, we think the way to a correct conclusion is not difficult, and the judgment is REVERSED.