WARREN & DURFEE MANUFACTURING COMPANY, Appellant, v. WATSON & PUCKETT.

1 CONTRACT TO RESELL. Dealer must sell under it, or not be allowed to 2–3 set up that machine failed to work.

FRIDAY, OCTOBER 19, 1894.

*Appeal from Lyon District Court.*—HON. FRANK R. GAYNOR, Judge.

THIS is an action at law to recover the contract price of two Boss weighers and loaders sold by the plaintiff to the defendants. There was a trial by jury, and a verdict and judgment for the defendants. Plaintiff appeals.—*Reversed.*

*E. Y. Greenleaf* for appellant.

*J. M. Parsons* for appellees.

ROTHROCK, J.—The defendants are dealers in agricultural implements at Rock Rapids, in this state. On the first day of August, 1891, they entered into a written contract with the plaintiff, of which contract the following is a copy:

*"Warren & Durfee Mfg. Co., Decatur, Ill.:*

"Please furnish for the subscriber the following described machines of your manufacture, viz.: Boss weigher and loader, one hundred and twenty-five dollars, list price,—per orders to be made upon your printed form at any time during the present season; same to be shipped

f. o. b. car Decatur, Illinois, to consignees, to be respectively named in said orders, and by such route as you may deem best, for which we agree to pay the price, respectively, as above stipulated, less discount of thirty per cent, on or before the first day of October, 1891, with interest from maturity until paid, at the rate of eight per cent per annum. For all extras furnished, we agree to pay on or before January first next, less discount of twenty-five per cent. In consideration of your warranty as set forth in said orders, and which is hereby made a part hereof, we hereby agree to have all machines properly attached to and connected with the threshers, in accordance with your printed instructions. We further agree that all sales made by us shall be at list price, and subject to the terms of your printed form of order, and that no delivery shall be made of any machines until the same has been settled for. It is expressly agreed that any failure on our part to comply with the foregoing agreements shall have the effect, at your option, of releasing you from liability under said warranty.                              WATSON & PUCKETT."

At the same time the defendants made and signed the following order for said machines:

"*To Warren & Durfee Mfg. Co., Decatur, Ill.:*

"Please ship for the subscriber, Watson & Puckett, at Rock Rapids, Lyon county, Iowa, care of Watson & Puckett, dealers in farm machinery, by such route as you may deem best, at once, two of your Boss weigher thresher attachments, for (give make of thresher, size, and whether new or old) Minneapolis Victory, 36 x 52; new. Said machine warranted to the subscriber to be well made, and of good materials; that it will do good work in weighing, registering, elevating and conveying the grain when properly attached and operated in accordance with your printed instructions. The subscriber to have ten days trial of same, and if, through failure from any cause, he shall not be able to make it work properly, written notice thereof to said dealer and to you will be given, and reasonable time with proper assistance will also be given to remedy deficiencies if any should occur, and if necessary, the opportunity will be given to you to send a man to accomplish the object; but, should he fail to make it work properly, it shall then be delivered to said dealer, and whatever money has been paid therein or notes given shall be returned, the same to be in full settlement. The subscriber to be liable to whatever expenses shall be occasioned through improper handling or neglect of instructions on the part of himself or his employees. The fact of notices above provided not being given, or its use being continued beyond the ten days, with or without notice, shall be conclusive evidence of the acceptance of said machine. The subscriber agrees to receive the same, pay the freight thereon, and upon its delivery to pay two hundred and forty dollars for said machine, as follows: Two hundred and forty dollars due October 1, 1891, with approved security, payable with interest at the rate of ten per cent per annum until paid.

"Dated August 1, 1891.                              WATSON & PUCKETT."

The first of the above orders is what is known as a "dealer's contract," and the two orders are to be construed together as parts of one agreement. The machines which are the subject of the controversy between the

parties are attachments to a threshing machine and separator, by which the grain is elevated and measured and weighed and registered. The weighers were shipped to and received by the defendants, and afterward each of them was delivered to owners of threshing machines and separators. The defendants, by their answer to the petition, claimed that the machines purchased did not fulfill the warranty in the contract, because they were not well made, and would not do good work in weighing, registering, elevating, or conveying grain.

It will be observed from an examination of the contract, when the two parts are considered together, that the defendants were required "to have all machines properly attached to and connected with the threshers," in accordance with printed instructions; and it was further stipulated that "all sales made * * * shall be at list price, * * * and that no delivery shall be made of any machines until the same has been settled for;" and the contract further provides as follows: "It is expressly agreed that any failure on our part to comply with the foregoing agreement shall have the effect, at your option, of releasing you from liability under said warranty." It is unnecessary to consider the evidence as to whether the machines were properly attached to the threshers, or whether they did good work. On these questions there is a conflict in the evidence. But it appears without dispute that the defendants did not make the sale of the machines in compliance with the contract. One of the defendants testified on that subject as follows: "We did not take notes for the machines; no order or writing whatever in regard to the machines. If the machines worked, they were to take it. It was verbally stated we sold to them, and, if it done good work, they were to come in and pay on their honor. They didn't have to bring it back if they didn't want to. We did not specify when they were to bring it back if they didn't work. Never said anything about it. If it done good work, they were to keep it." It can not be fairly claimed that the defendants were not bound to make sales to their customers in accordance with the contract. There was no attempt to comply therewith. There was no settlement made with the customers for the machines. The arrangement with them was no more than merely taking them on trial. If the purchasers from the defendants had made settlement for what they bought, the evidence as to efforts to make the machines do the work for which they were intended and sold might have been altogether different. Under the arrangement by which they were delivered to the purchasers, there was no incentive to perform a contract.

At the close of the introduction of the evidence, the plaintiff moved to strike out certain evidence of the defendants, because "the defendants never complied with the terms and conditions of the contract by settling with the purchasers of these machines by written contract, as provided in the contract between defendants and plaintiff, wherein it is specified that they shall do this; and upon that condition were the machines warranted." The motion was overruled. We think this ruling was erroneous, and that the motion for a new trial should have been sustained, on the ground that the verdict had no support in the evidence. REVERSED.