ESTERLY HARVESTING MACHINE COMPANY, Appellants,
v. BEMIS.

**Demurrer:** PRINCIPAL AND AGENT. Parties may change a stipulation
that no agent has authority to vary the contract entered into
between them; and where an allegation in an answer which states
that there was a change made by the "legally authorized agent
of the plaintiff," is demurred to, the demurrer admits that the
agent had such authority.

*Appeal from Louisa District Court.*—HON. A. R.
DEWEY, Judge.

TUESDAY, JANUARY 22, 1895.

Action on promissory notes. Defense, a failure
of consideration. Judgment for the defendant, and
the plaintiff appealed.—*Affirmed.*

*F. M. Molsberry* and *Crom. Bowen* for appellants.

*Gray & Tucker* for appellee.

Granger, J.—The execution of the notes is
admitted. The consideration for the notes was a har-
vester warranted to be well made, of good material,
and, with proper management, capable of doing good
work. The warranty provided that, if the machine did
not do good work, the purchaser was to give written
notice, stating wherein it failed, and allow a reason-
able time for an agent to remedy the defect; and, if
then it failed, it might be returned, and a new machine
received, or the notes and mortgage given for it
returned. The answer pleads the warranty, and a
breach of it after notice given of the failure of the
machine to work. It is then pleaded that afterwards

"the plaintiff, by its legally authorized agent, entered into a new contract in reference to said machine, whereby they waived their rights under the contract of warranty, and stipulated and agreed orally with the defendant to the effect that the defendant should retain the possession of the machine for another year, and that said plaintiff would make said machine work properly as agreed, and do first-class work in every particular;" and that, if it did not, the machine should be returned to plaintiff, and the note would be surrendered; and that nothing should be owing from defendant to plaintiff until said machine did work properly.  It is then pleaded that there was a breach on the part of plaintiff as to its undertaking to make the machine work, and a full compliance with the terms of the agreement on the part of the defendant.  To this answer there was a demurrer, which the court overruled, and with proper exceptions, the plaintiff elected to stand on the demurrer.

The following is a provision of the written warranty given when the harvester was sold:   "This machine is hereby purchased and sold subject to the following warranty and agreement, and no agent or expert has any authority to add to, abridge, or change it in any manner."   The point of contention is as to the legal effect of this stipulation in the warranty; that is, in view of that stipulation, can defendant be permitted to plead and prove a change of the contract made by him with an agent?   We cannot more concisely present appellant's claims than by quoting the two propositions argued, and they are as follows:   "(1)  When an agent's authority is limited by contract, and the party dealing with the agent has knowledge of the extent of the agent's authority, and he contracts with said agent beyond his authority, is not the party dealing with agent estopped from taking

advantage of such a contract as against a principal acting in good faith? (2) When a party dealing with an agent has knowledge of his limited authority, and the agent acts beyond the scope of his authority, and, without any knowledge of this fact, his principal accepts those acts within the scope of the agent's authority, does the principal, by accepting these acts, ratify the whole transaction,—*i. e.* both authorized and unauthorized acts of his agent?" The legal proposition does not seem to be a difficult one. The limitation on the authority to change the contract is, in express terms, confined to agents and experts. It is not, and we think it would not be, contended that the parties to the contract could not change its terms if they so desired. A claim that the parties could make such a contract, and then could not, as between themselves, unmake or change it, would involve a legal absurdity. It is probably true that they might prescribe how it should be done; as that it should be only in writing, with a view to greater certainty as to terms, or of proofs in case of litigation. This question we considered in *Osborne & Co. v. Backer*, 81 Iowa, 375, 47 N. W. Rep. 70. This case is, in some important particulars, much like that.

The part of the answer pleading the making of the new contract states "that afterward, and in the fall of the year 1890, the plaintiff, by its legally authorized agent, entered into a new contract in reference to said machine whereby they waived their rights under the contract of warranty, and stipulated and agreed orally with the defendant," etc.; giving the terms of the new agreement as before stated. By the admission of the demurrer, we have the fact that the company duly authorized its agent to make a new contract, waiving the previous one of the warranty, and fixing new

terms and conditions on which the harvester should be retained, and that such a contract was made. Appellant's argument is that the limitation of authority as an agent, in the written warranty, is an estoppel upon the right of defendant to take "advantage of such contract as against a principal acting in good faith." But appellant loses sight of its admission that, after making the terms of the written warranty, it authorized an agent to waive it, and substitute for it a new contract, which was done. Let us aid the consideration by a supposition that the record disclosed a written authority from plaintiff to the agent to waive the written warranty and make the new contract. Would the situation or facts then be within any known rule of estoppel? Certainly not, and the present situation is as conclusively against it, for the admission is of a *due* authority to do what was done, and the writing would add nothing to its importance or legal effect. We see no occasion, nor in fact room, for elaboration. The ruling of the District Court on the demurrer simply required the plaintiff company to observe its admitted contract, and its judgment is *affirmed*.