Peter Peterson v. The Walter A. Wood Mowing and Reaping Machine Company, Appellant.

**Waiver:** WRITTEN NOTICE. A clause in a warranty given on the sale of a reaper, providing that on its failure to work, immediate written notice must be given to the manufacturer, or his local agent, from whom it was purchased, and the failure to give such notice shall be deemed conclusive evidence that the machine fills such warranty, may be disregarded by the purchaser, where at the time the machine was started it failed to work properly, and the agent of whom it was purchased was present.

**Contracts:** MODIFICATION: *construction.* A provision in a warranty given by a corporation to a purchaser of its machinery, that "no one has authority to add to, abridge, or change," the contract in any respect, is unreasonable; and any competent agent of the corporation may, notwithstanding, waive the provisions of the contract.

**Same:** *principal and agent.* An agent who sells a machine, has authority to set it up, to see that it works properly and to receive it back if it fails to work properly, has power, notwithstanding a written contract providing that "no one has authority to add to, abridge, or change" the contract in any respect, to waive written notice of a fact which he knows, and to restore the purchase price received by him.

**Practice:** ORDER OF EVIDENCE. Evidence of the failure of a machine to comply with the warranty under which it was sold, is not inadmissible merely because the purchaser, at the time such evidence was offered, had failed to show a compliance on his part with the conditions of the warranty, as the order of proof is in the discretion of the court.

**Practice Supreme Court:** ASSIGNMENT. Assignments of error are insufficient unless they point out the specific errors relied upon.

*Appeal from Lyon District Court.*—Hon. Scott M. Ladd, Judge.

Saturday, February 1, 1896.

ACTION to recover the price paid for a harvester. Verdict and judgment for plaintiff. Defendant appeals. —*Affirmed.*

*E. Y. Greenleaf* for appellant.

*Parsons & Van Wagenen* for appellee.

KINNE, J.—I.  Plaintiff ordered a reaping machine of the defendant, which he agreed to purchase subject to the following printed warranty: "All our machines are warranted to be well made and of good material, and to do good work, with proper management, when set up and operated as per printed directions. If, upon starting any of our machines, it should not work well, immediate written notice must be given to the Walter A. Wood Mowing and Reaping Machine Co., at Minneapolis, Minnesota, or the local agent from whom it was purchased, and reasonable time allowed to get to it and remedy the defects, if any (the purchaser rendering necessary and friendly assistance); when, if it cannot be made to do good work, it shall be returned, free of charge, to the place where received, and the payment of money or notes will be returned. Failure to immediately give notice as above, or continued possession of the machine, whether it is kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty.  No one has any authority to add to, abridge or change this warranty in any manner."  He claims that there was a breach of said warranty, in that said machine was not made of good material, and would not work well.  That, in pursuance of the terms of said warranty, he notified the agent from whom he purchased the machine of said defects, and said agent undertook to remedy them, but was unable so to do, with all the assistance which plaintiff could render.  That he

offered to return the machine to the agent of whom it was purchased, and at the place of purchase, and said agent directed him not to return it, and refused to return to plaintiff his notes given for said machine. That the purchase price of this machine was one hundred and seventy-five dollars, and that said machine was worthless, and plaintiff had been damaged in that sum. In an amendment filed at the close of the testimony, plaintiff stated that at the time of the delivery of the machine to the defendant, at Ellsworth, Minn., the defendant accepted it and promised to return plaintiff's notes, and waived the requirement of the warranty as to written notice, and as to any further trial of the machine. Defendant denies all of the allegations of the petition and amendment thereto not expressly admitted or explained. Avers that the machine was sold to plaintiff for one hundred and twenty-five dollars; that plaintiff was satisfied with the machine, and executed his notes therefor; that plaintiff did not comply with the terms of the warranty, in that he retained the machine without making complaint; that he failed to give immediate notice to the defendant, or its selling agent, of the failure of the machine to work, as provided in the warranty; that he gave no time or opportunity to remedy any defects in said machine. Plaintiff, in a reply, denied all allegations of the answer which were inconsistent with the facts stated in the petition. The jury returned a verdict for the amount of the notes and interest, upon which judgment was entered. Defendant appeals. This action is brought by plaintiff to recover the purchase price of the machine,—one hundred and twenty-five dollars,—and interest.

II. While the evidence is conflicting, yet we think it shows that the machine was purchased of one McRoberts, the local agent of the defendant, at Ellsworth, Minn. The machine was taken home by the

plaintiff on Thursday, and tried in oats and timothy. That after a very little timothy had been cut, McRoberts told plaintiff if he would then give him the notes it would save him another trip back; and also told plaintiff if it did not work he would give his notes back. Plaintiff at the time told McRoberts that he was not satisfied with it. Plaintiff thereafter tried the machine in other grain, and it did not work well. It would not bind or elevate the grain. Either Saturday or Monday following, plaintiff went to see McRoberts, but could not find him. He left word with his wife, and returned the machine to the place from which he got it, on Saturday or Monday. After plaintiff had started to haul the machine in, McRoberts went to plaintiff's place, but as he took another road he missed plaintiff. The evidence also shows that when McRoberts took the notes he must have known that the machine was not working properly. The same day the machine was returned, plaintiff demanded his notes of McRoberts, who refused to deliver them to him. Some days afterward, and when plaintiff was about done harvesting, McRoberts and one Andrews, a general agent of defendant, saw plaintiff, and endeavored to induce him to take the machine back and give it another trial, which plaintiff refused to do. It is conceded that plaintiff never gave any written notice to either the defendant or McRoberts.

III. Many of the questions discussed by counsel cannot be considered, because the assignment of errors is insufficient. This is true as to the first, fifth, sixth, seventh, eighth, thirteenth and fifteenth assignments. They require us to examine the testimony in order to determine just what errors are claimed to have been committed in the admission of testimony. They do not point out the specific errors relied upon, as the statute

requires. They base error on the overruling of motions generally, which motions contain many separate grounds. The requirements of the statute in this respect are so plain, and the necessity for a reasonable compliance therewith has been so frequently pointed out in repeated decisions of this court, that we deem it unnecessary to again refer to the cases holding that such assignments raised no question for our consideration.

IV. We proceed to a discussion of the questions as to which proper assignments of error are made. Plaintiff offered, and read in evidence against defendant's objections, the depositions of Magnus Larsen and Nels Rasmussen. Defendant objected to the reading of these depositions, because, as he claimed, it had not then been shown that plaintiff had complied with the terms of the warranty. These depositions tended to show that McRoberts was present when the machine was first started, that it did not work well, and that McRoberts admitted that fact. Now, the fact, if such it was, that plaintiff had not then shown such a compliance on his part with the conditions of the warranty, as would authorize a recovery, was no reason for excluding these depositions. Plaintiff had not finished his case, and the court might well assume that, if any fact remained to be established, to entitle plaintiff to recover, evidence of it would be thereafter introduced. Furthermore, the order of the introduction of evidence is so largely a matter within the discretion of the trial court, that we should not interfere with the rulings relating thereto, unless it clearly appeared that the court had abused its discretion in that respect. Kinne, Pl. Prac. and Forms, section 484, and cases cited. There was no abuse of discretion in these rulings.

V. Error is assigned in the giving of paragraph 2 of the court's charge to the jury. It is said it

improperly submitted to the jury the question of notice being given as to defects in the machine; also that it was wrong in submitting the question as to whether plaintiff immediately returned the machine after discovering the defects; and that it erroneously assumed that it was the duty of the purchaser to immediately return the machine. This instruction was based upon the pleadings, as well as the evidence, and that fact is to be remembered; and when the entire instruction is read, in connection with all of the charge, we do not think it is fairly open to the criticism made.

VI. Paragraph 3 of the charge is objected to, because it is claimed that in it the jury were told that, if McRoberts, defendant's agent, received the machine, there was a waiver. Paragraph 4 is objected to, because it assumes that McRoberts had authority to agree to surrender the notes and to waive the requirements of the contract of warranty. We may consider all of these objections together. There was evidence showing that, after the machine was returned, McRoberts agreed to return the notes; and from that fact it is fair to assume that, if McRoberts had the power so to do, he waived the written notice called for by the contract of warranty, and also any further trial of the machine. The theory upon which the court submitted the case to the jury was that if the machine did not work as required by the warranty, and was not accepted as so doing by the plaintiff when he gave his notes for it, and it was returned to place of purchase to McRoberts immediately upon discovering that it would not work, and that McRoberts, as agent for the defendant, received the machine upon its return, and accepted it for defendant, and promised to return plaintiff his notes, then the jury should find for the plaintiffs. Now, appellant's contention is that while McRoberts, as

agent of the defendant, might in a proper case waive the return of the machine, he had no authority as such agent to bind his principal by waiving the conditions of said warranty as to written notice; as to the trial of the machine; nor had he authority to enter into a binding agreement, outside of the terms of the warranty, to deliver to the plaintiff his notes. While the parties are bound by the contract of warranty, still it cannot be doubted that either party might waive the provisions contained therein so far as they were for his benefit. This contract required that when the machine was started, if it should not work well, immediate written notice should be given to defendant or to the local agent from whom it was purchased, and a reasonable time allowed to remedy the defects. Now, no written notice whatever was given. In this case, however, the agent who sold the machine was present when it was started; he knew it did not work well. He could not have been more fully in possession of all of the facts touching its failure to work properly, if the written notice had been given. Every purpose of that provision of the contract had been accomplished by the personal presence of the agent, and the knowledge obtained by him of its operation. Under such circumstances, to have required a written notice was to compel the plaintiff to do a useless act, which would convey to the agent the very information he already possessed. There is no good reason for requiring notice under such circumstances. Nor have we any doubt that an agent authorized to sell such a machine, and to set it up, and to see that it works properly, may waive such a written notice, when by his personal presence he is in possession of knowledge of every fact which such notice could give him. It may be said that the contract provides "no one has any authority to add to, abridge, or change this warranty in any manner." If full effect

should be given to this language, the defendant is powerless to even change or alter its contract, no matter though plaintiff should consent thereto. Such a provision in the contract, if held binding, is a prohibition for all time, and under all circumstances, against any change in the contract. It is inconceivable that the defendant ever intended to tie its hands in such a manner. A corporation can only act through its agents, and such agent must always have power to represent and act for it. Doubtless, such a prohibition upon the power of certain of its agents to change or abridge the contract would be good, but the one in controversy, which prohibits action in any event by the corporation, is unreasonable. Under this provision of the contract, its provisions could not be waived, changed, or abridged, even if it should appear to be for the interest of all the parties to it to do so. Such an agreement is not binding, and any competent agent could bind the parties by waiving the provisions of the warranty. *D. M. Osborne & Co. v. Backer*, 81 Iowa 378, (47 N. W. Rep. 70). Did the agent have authority to agree with plaintiff for a return of the notes?

It appears he had authority to sell, to set up, and to see that the machine worked properly. There is no question as to his authority to have received the machine back, when he discovered that it did not work properly, unless he could remedy the defect, which he did not do. It seems to us, under such circumstances, his right to agree to restore that, which plaintiff had given for the machine is not to be doubted. Everything that McRoberts, the agent did, touching the setting up and operating the machine, and the promise to return the notes, was in the line of an attempt to complete the sale, and within his authority. *Threshing Co. v. Kennedy* (Ind. App.). (34 N. E. Rep. 859). Under the facts disclosed in this record we think the instructions were proper.—AFFIRMED,