## ROBINSON & COMPANY, Appellants, v. D. J. BERKEY & MARTIN, *et al.*

**Warranty:** WAIVER.   A provision in a contract for the sale of goods,
containing a warranty to the effect that the warranty shall not
take effect unless the goods are settled for on their delivery, is
valid, and, unless waived, is a sufficient answer to an alleged
breach of warranty.

**Corporations:** POWER OF AGENT TO MODIFY CONTRACT: *Contract
provision against modification.*   Notwithstanding a provision in a
contract between a corporation and a private party, that no agent
shall have power to waive or modify the contract, an agent having
authority to do so, may validly waive compliance with any of its
conditions.

**Pleading:** ULTIMATE FACTS   A pleader may state ultimate facts,
and is not required to state the evidentiary facts from which the
ultimate facts follow, hence he need not so state his facts as that
they would be unobjectionable, were they propounded to wit-
nesses, as questions

SAME.   An answer alleging, as a breach of warranty, that the machine,
"with proper management, would not and could not and did not
do as much, or as good work, as other machines of similar size for
the same purpose," is not bad, as alleging legal conclusions.

**Submitting Pleadings as Part of Charge.**   While pleadings, which are
couched in untechnical language, may be given to the jury to
enable them to understand the issues involved, such issues should
be presented in the language of the court, where the language
used in the pleadings is technical and is not such as a jury will be
likely to understand clearly.

SAME.   Where a cause of action is presented in two counts, it is not
error to submit the cause to the jury, to find independently on each
count.

"General Verdict" Defined.   Separate findings upon each of two issues presenting separate causes of action are general verdicts, and unobjectionable.

Offered Instruction: WAIVER BY. That an offered instruction which is denied deals with the right to certain relief as being due, as matter of law, does not waive the privilege of having the right to such relief submitted, as a question of fact.

*Appeal from Johnson District Court.* — HON. M. J. WADE, Judge.

THURSDAY, DECEMBER 10, 1896.

On the fifth day of May, 1893, the defendant firm made a written order to the plaintiff company for a thresher, self-feeder, and band cutter, and a Perfection weigher, at the agreed price of eight hundred and twenty-five dollars, for which the plaintiff was to receive in exchange another thresher, stacker, weigher, and sieve; the property so taken in exchange being valued at three hundred and seventy-five dollars. For the remaining four hundred and fifty dollars the defendant was to give two notes, each for two hundred and twenty-five dollars, due January 1, 1894 and 1895. To the order is attached a warranty that the thresher is well made, of good materials, and that with proper management it will do as much and as good work as any other of similar size made for the same purpose. On the same day defendant made another written order to the plaintiff for a Farmer's Friend straw stacker, to be attached to the thresher, for the agreed price of two hundred and fifty dollars, for which two notes, of equal amount, were to be given, due at the same time as the others. To this order was also attached a warranty that may be hereafter noticed. The following is a part of the warranty attached to the first order: "Conditioned that, if inside of ten days from the day of the first use of the said machinery, it shall fail to fill

the warranty, written notice shall be given immediately by the purchaser to Robinson & Co., at Richmond, Indiana, by registered letter, and written notice, also to the local agent through whom the same was received, stating particularly what parts and in what way it fails to fill the warranty, and a reasonable time allowed the company to get a man, or men to the machine, and remedy defects, if there be any (if it be of such a nature that a remedy cannot be suggested by letter). The purchaser also to render all necessary and friendly assistance and co-operation in making the machinery a practical success. If any part of the machinery cannot thus be made to fill the warranty, that part shall be returned by the purchaser to the place where it was received, and the company shall either furnish another machine, part, or attachment, which shall perform the work, or return the money and notes which it received for the machine, or give credit for the amount received for the part or attachment which may have failed to fill the warranty, and thereby be released from any further liability herein." The machinery under both orders was delivered, and the notes, as agreed upon in both orders, were made and placed in the hands of R. L. Dunlap, who was plaintiff's agent at Iowa City. The property to be given in exchange was never given to plaintiff, and the defendant by injunction proceedings prevented the delivery of the notes by Dunlap to plaintiff, because of which this action is brought to recover the sum of one thousand and seventy-five dollars, the agreed price for the machinery under the two orders. The defendant firm, as such and as individuals, admit the above facts, as well as others that may be noticed in the opinion, and plead, by way of defense, a breach of the warranties in the orders, and that upon a failure of the plaintiff to make the machinery do work as warranted, they rescinded the contract

of sale, and offered to return the machinery, which was refused; and they then enjoined the delivery of the notes to plaintiff, to avoid their passing into the hands of innocent purchasers, and to enforce their right of rescission.   There was a verdict for the defendants, and from a judgment thereon the plaintiff appealed.—*Reversed.*

*Remley & Ney* for appellants.

*Baker & Ball* and *Joe A. Edwards* for appellees.

GRANGER, J.—I.   The following is a part of the contract of warranty in the first order: "Failure to settle for the machinery at the time and place of delivery * * * shall be a waiver of the warranty, and release the warrantor, without in any way affecting the liability of the purchaser for the price of the machinery or the notes given therefor."   Appellant claims that the neglect of the defendants to deliver the old machinery, and their action in stopping the delivery of the notes to plaintiff, is a waiver of the warranty, and hence, that no advantage can be taken of it to defeat a recovery.   It relies on *Davis v. Robinson*, 67 Iowa, 355 (25 N. W. Rep. 280), which case was again appealed and reported in 71 Iowa, 618 (33 N. W. Rep. 132).   It is not to be doubted, on the authority of that case, that, if there was a failure to settle by the delivery of the old machinery and the giving of the notes, it waives the warranty, the breach of which is defendant's only defense, and plaintiff should recover, unless defendant pleads and establishes a legal excuse for not so doing.   In the answer defendants admit the failure to deliver the machine, and that, as we view it, is the practical effect of their plea as to the notes.   So that, unless they plead and establish an excuse for the

failure, the warranty is waived. It is contended in argument, that this is done, and the following appears in the answer: "They admit that they executed their promissory notes and left them with one R. L. Dunlap, and that they afterward procured a temporary injunction restraining Dunlap from delivering the same to the plaintiff. * * * Further answering the said first count, they admit that they refused to deliver to plaintiff the said 33-inch cylinder, Roberts, Thorp & Company thresher, the Reeves stacker, the Perfection Weigher, the oats and timothy sieves; but they deny that they have continued to use the same, and aver that they have only refused to deliver, as they refused to deliver the said notes,— that is, until the said new outfit by them purchased, should be made to comply with the warranties given by the plaintiff in making the sale thereof; and they say plaintiff agreed thereto." We assume that it would not be contended that the plea, failure, or refusal is of any avail, except as it is supported by the alleged agreement of plaintiff. Of course, if the failure to deliver was by agreement with plaintiff, it would be good. In argument it is urged that the agreement is shown to have been made with the agent, Dunlap, and it is insisted that he had authority to do so; but we are not called upon to consider that question, because, on the trial, the issue we are considering seems to have been excluded. By operation of law, the averment as to the additional agreement was denied, and the case presented an issue on which appellees now insist there was testimony. It is insisted that the testimony is uncontradicted. If by that it is meant that it is so uncontradicted that the fact is to be taken as established, it is a misapprehension. The fact remains to be found. The fact of the authority of the agent with whom the agreement is said to have been made, is at least doubtful in view of

correspondence had. The court, in its instructions, specified. the issues to be considered, and in express terms limited them to two, being the two breaches of warranty alleged. In the first instruction, after stating the issues, the court said: "In connection with this warranty there are certain conditions to be performed by the purchaser; but under the evidence in the case there is no issue for your determination upon the performance of those conditions, except as to whether assistance was rendered to the plaintiff in attempting to make said machine work as hereinafter explained." Certainly, the failure of settlement was a condition of the warranty. It was pleaded, and admitted, and a plea in excuse or avoidance made, which was at issue. The above language excludes it from the consideration of the jury, and nowhere in the instructions is there language to overcome its effect. The result is that the court determined this issue for defendants, with the burden on them, for it permitted them to recover alone on the issues as to the warranties. Appellant asked several instructions on the question as to the failure to settle for the machinery, which were refused, so that it is apparent that the point was in no way waived. It is true that appellant's instructions, as asked, are based on a claim, under the record, of a right to a verdict as a matter of law; but that is no waiver of a right to have the question of fact submitted, if his instructions were refused, for, without a finding of the fact of an agreement as alleged, it was entitled to an instruction, asked, that a jury return the verdict for plaintiff.

II. Appellant makes a claim that, on this branch of the case, we should direct a judgment for the plaintiff; but we think not. If the facts as to the settlement are as alleged, we do not see why defendants should not be permitted to prove them. It is

thought that, because of a provision in the contract, that no agent or salesman has power to bind the company by either verbal or written contracts or promises outside of the contract as written, no such change could be made. Such a condition, if valid, would prohibit absolutely a change by the parties, because the plaintiff is a corporation, and could only make a change by its agents. In *Osborne & Co. v. Backer,* 81 Iowa, 375 (47 N. W. Rep. 70), and again in *Peterson v. Machine Co.,* 97 Iowa, 148 (66 N. W. Rep. 96), we considered the legal effects of such a condition in a contract, and held that it did not prevent an agent from changing a contract. All has been said in support of the holding that need be. Under the issues as found, we think it competent for the defendants to show the agreement alleged, by showing authority in the agent, and the agreement.

III. In view of a new trial, it may be well to notice some other questions that may now properly be settled. It appears from the abstract that the court, in presenting the issues, attached carbon copies of the pleadings, amendments, and exhibits, entire. The court then said to the jury: "Upon said petition and answer as amended, the issues in the case arise, and the evidence in the case has to be considered by you in relation to said issues, as explained in these instructions." It is not to be said that the instructions are such as to aid the jury to know the issues. The petition is quite brief, with the contracts and warranties attached. The answer is quite lengthy, and the pleadings are, throughout, couched in language peculiar and adapted to pleading. It is not apt language for the ordinary juror, while to the legal student it is forcible and intelligible. We doubt if any juror could take the pleadings in this case and understand the issues. This court has disapproved the practice in several cases, and it has also said that, when

the pleadings contain a plain statement of the matter in controversy, it may use the language of the pleadings.   See *Lindsey v. City of Des Moines*, 68 Iowa, 368 (27 N. W. Rep. 283), and several other cases; and see, also, *Crawford v. Nolan*, 72 Iowa, 673 (34 N. W. Rep. 754).   We think the issues should be presented in the language of the court.

IV.   The petition is in two counts, each presenting a cause of action, and the court submitted the case to the jury so that it should find independently on each cause; and of this appellant complains, on the ground that it was entitled to a general verdict.   The separate findings, on the separate causes of action, are general verdicts.   They were not special verdicts.   "A general verdict is one in which the jury pronounces generally for the plaintiff or defendant upon all or upon any of the issues." Code, section 2806.   "A special verdict is one in which the jury finds facts only."   Code, section 2807.

V.   There was a motion of some eleven divisions. Each asking to strike some part of the answer.   The ground of most of them is, that the averments state conclusions, and not proper facts.   One of them is as follows, and includes the argument: "(3) The plaintiff moved to strike out the following words from the fourth page of defendant's answer: 'And these defendants say that, with proper management, the said machine would not, and could not, and did not, do as much work, or as good work, as other machines of similar size, for the same purpose.'   Such a statement is absolutely a conclusion, and no evidence can be introduced thereunder to establish it as a statement of a fact.   If a witness were put upon the stand, and these questions were asked him, the court should certainly overrule them."   We think the pleadings in accord with the rule.   It is a statement of facts to be established by evidence.   It is preceded

by a minute statement of the particular facts on which the conclusion is based. The argument indicates that the facts should be pleaded so as not to be objectionable as questions to a witness. That would be pleading the evidence, which is not required. The pleading should state ultimate facts, and not the evidence of such facts. *Davenport Gas Light Co. v. City of Davenport*, 15 Iowa, 6; *Lambert v. Palmer*, 29 Iowa, 104. Legal conclusions are not to be pleaded, and, likely, conclusions of facts may be so stated as not to be sufficiently plain. In this case that is not the fact. The facts are pleaded minutely, and the language objected to, is but an averment of conclusions from such facts, and to fix their relations to the terms of the warranty.

It is not necessary that other questions should be considered; the judgment will stand REVERSED.