R. J. ROBERTSON, Appellant, v. ALBERT VASEY.

**Evidence:** CONVERSATIONS: LETTERS. Under Code, section 4615, where 1 a portion of a conversation has been given by one party, the whole of the same subject may be inquired into by the other party; and this rule relates also to the introduction of correspondence.

**Commissions:** CHANGE IN CONTRACT OF SALE: INSTRUCTIONS. In an 2 action for commission for the sale of land, an instruction that if plaintiff changed the contract of sale without defendant's knowledge or consent, he would not be entitled to his commission, was not objectionable because omitting reference to plaintiff's intent in making the changes, especially as that subject was covered in a separate instruction favorable to appellant.

**Fraud:** BURDEN OF PROOF. In an action for commission for the sale of 3 land, where plaintiff admitted that he changed the contract of sale, the burden was on him to show that the alteration was not fraudulent.

**Contracts:** PAYMENT OF COMMISSION. Where payment of an agent's 4 commission is dependent upon the payment of the purchase price of the land, the commission and land contracts should be construed together so far as they relate to the purchase price.

*Appeal from Grundy District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, NOVEMBER 15, 1904.

SUIT to recover a commission for the sale of land. There was a trial to a jury and a verdict and judgment for the defendant. The plaintiff appeals.— *Affirmed.*

*Francis & Owen,* for appellant.

*Williamson & Willoughby,* for appellee.

SHERWIN, J.— This suit is bottomed upon a written contract wherein the defendant agreed to pay to the plaintiff the sum of 50 cents per acre for the sale of a section of land, and which provides that " said 50c. per acre to be paid as soon as purchaser of said land has paid payment of $19,219.76." The facts are that the plaintiff became the defendant's agent for the sale of said land, and had in fact found a purchaser for it before the contract fixing the compensation for such services was executed, and said contract was executed and delivered to the plaintiff at the same time that the defendant executed and delivered to the plaintiff duplicate contracts for the land and received from him a payment of $1,000 on the purchase price thereof, which was $20,219.76. The answer admitted the contract in suit, and alleged a fraudulent and unauthorized material alteration of the land contracts after they had been signed in duplicate by the defendant and had been delivered to the appellant for execution by the purchaser; a failure of consideration for the contract sued upon herein because thereof; and further, that the plaintiff was at the time of the sale interested therein as a purchaser of the land with others.

Upon the direct examination of the plaintiff as a witness in his own behalf he testified as to a conversation with the defendant relative to his commission before the com-

mission contract was executed, and upon cross-examination he was further interrogated as to the same conversation and same subject-matter. There was no error in receiving such testimony. The whole of the conversation on the same subject was admissible, and the same rule applies to the testimony of the defendant. He was rightly permitted to testify as to the conversation after it had been stated by the plaintiff. Code, section 4615.

1. EVIDENCE: conversations; letters.

C. H. Royce was the person to whom the land was sold, and a letter written by him to the defendant, relating to the interest due the latter on the contract for the land, was admitted in evidence over the objection of the appellant. This letter seems to have been written by Royce in answer to a letter to him from the defendant which had been put in evidence by the plaintiff, and under the section of the Code heretofore cited it was competent. It was also contradictory of the testimony of Royce contained in a deposition taken by the plaintiff, filed in the case, and afterwards read to the jury, and was competent for the purpose of impeachment; and its introduction out of the regular order would not require a reversal of the case were it otherwise competent. *Peterson v. Wood, M. & R. M. Co.,* 97 Iowa, 148.

There was sufficient evidence of the plaintiff's interest in the land as a purchaser at the time the contract in suit was made to take the case to the jury on that issue, and the court properly instructed thereon.

Complaint is made of the sixth, seventh, and eighth instructions given by the court, and of the refusal to give instructions asked by the appellant. In the sixth instruction the jury was told that the contract for the sale of the land executed by the defendant and delivered to the appellant for the purchaser's signature contained the terms of the sale and the authority of the plaintiff, and that he had no right to sell

2. COMMISSIONS: change in contract of sale; instructions.

the land upon any other terms; that, if he changed the contract left with Royce without the knowledge or consent of the defendant by striking out the rate of interest to be paid, it was a material alteration thereof, and that the sale was not made upon the terms authorized, and would not bind the defendant, or entitle the plaintiff to his commission, unless it was shown that the defendant consented to such change before the execution and delivery of a deed of the land. The appellant, as we understand his argument, objects to this instruction because it did not tell the jury that if he made the change in the contract in good faith, and believing that it was in accordance with the understanding of the parties, there would be no fraud on the part of the appellant. It is evident that the instruction did not attempt to deal with the question of the appellant's fraud in changing the contract, but related solely to his actual authority in the premises; and, if this be true, the question of his intent was immaterial. If there was in fact a mistake in the contract as executed, it was the plain duty of the agent to have such mistake corrected by his principal, or at least to have the principal's consent to his correction thereof. The instruction covered the thought of the defendant's knowledge of and consent to the change, and was correct, and sufficiently explicit. In the eighth instruction, however, the court treated the question of fraud and intent in altering the contract, and told the jury that if the appellant caused the change to be made in the duplicate contract which was to be given to the defendant, believing that he would see the change when the contract was delivered to him, then the defense of fraud would not be sufficiently established to defeat the appellant's claim for commission. The instruction was as favorable to the appellant as he could rightfully ask, and embodied the central thought of the one asked by him on the same subject.

Instruction 1 asked by the appellant placed the burden of proof of fraudulent intent upon the defendant, which

was wrong because of the admission that he altered the con-
tracts.    The instruction was therefore prop-

3. FRAUD: burden
   of proof.
erly refused.    *Robinson v. Reed,* 46 Iowa,
219.

The language of the commission contract is that the 50 cents per acre was to be paid as soon " as the purchaser of said land has paid payment of $19,219.76." This was

4. CONTRACTS:
   payment of
   commissions.
the balance due for the land after the pay-
ment of $1,000 was made at the time the con-
tracts were executed, and by the admitted facts .
the land contract was to draw interest after due, by the terms thereof.    If paid at the time specified, it was all that was required by the contract, but, if not so paid, in-terest was to constitute a part of the payment necessary to discharge the obligation of the contract.    In other words, it is manifest from the language used that no commission was to be paid until the land was paid for according to the in its seventh instruction, wherein the jury was told that the terms of the contract, and the court did not, therefore, err commission contract should be construed with the land con-tract so far as they both related to the purchase price of the land.

The judgment is right, and it is *affirmed.*