## PAUL HANSMANN v. P. J. POLLARD.[1]

February 10, 1911.

Nos. 16,917—(172).

**Sale — breach of warranty — evidence.**

> The defendant gave a written order for a steering pole to be attached to a threshing separator for the purpose of steering and drawing it. The order contained express warranties, but provided that a failure to give a note for the purchase price of the pole before it was delivered should discharge the plaintiff from all warranties. The pole was delivered, but the note was neither given nor demanded by the plaintiff before delivery. *Held* that, in an action for the purchase price of the pole, the defendant was entitled to show a breach of the warranty implied by law that it was fit for the purpose intended.

Action begun in justice court, where plaintiff obtained a judgment in his favor. Defendant appealed to the district court for

[1]Reported in 129 N. W. 848.

Todd county, where the case was tried before Taylor, J., who directed a verdict in favor of plaintiff. From the judgment entered pursuant to the verdict, defendant appealed. Reversed, and new trial granted.

*J. D. Jones,* for appellant.

*Peterson & Church,* for respondent.

START, C. J.

This action originated in justice court. The complaint alleged that on August 1, 1906, the plaintiff sold and delivered to the defendant one Hansmann steering pole for the agreed price of $35, payable the first of October following. The answer, with other matters, alleged a warranty and breach thereof, to the effect following: The plaintiff agreed to sell and deliver to defendant one Hansmann separator steering device complete, to be attached to a separator. Such device was sold by said plaintiff and bought by defendant for the sole purpose of being used in steering his separator, and the plaintiff warranted such steering device to be made of good material, to be constructed in a workmanlike manner, to perform the work required of it, and that it would work when moving forward or backward with separator, and was durable, with proper care. It was not made of good material, nor constructed in a workmanlike manner, and it did not and could not perform the work required of it. It would not work when moving forward or backward with separator, was not durable with proper care, and was wholly worthless. The defendant appealed from the judgment of the justice in favor of the plaintiff to the district court of the county of Todd. A trial in that court resulted in a judgment for the plaintiff for the amount claimed, entered upon a verdict directed by the court. This is an appeal by the defendant from the judgment.

The assignments of error raise the question whether the trial court erred in rejecting the defendant's offer to show that the steering pole was worthless and of no value for the purpose for which it was sold or for any other purpose, and that he returned it to the plaintiff and notified him of its defective condition and worthlessness for the purposes for which it was sold. This ruling was based upon the written

order of the defendant, dated June 21, 1906, which, so far as here material, was to the effect following:

To Hansmann Manufacturing Company, Long Prairie, Minn.: Ship to me as Osakis, Minn., on or about the tenth day of August, 1906, one Hansmann separator steering device, complete, to be attached to a separator with axle fifty-six inches between wheels having coupling forty-four inches apart, coupling to be side plate plates. I hereby agree to receive the above-described machinery on arrival, subject to the conditions and warranties herein, and agree to pay before delivery of machine $35.00, by note for $35.00 due October 1, 1906, and, failing to pay the money or to execute and deliver the note, this order shall stand as the purchaser's written obligation, and have the same force and effect as a note for all sums not paid in cash, and discharge the company from all warranties.

The above separator steering device is warranted to be made of good material, to be constructed in a workmanlike manner, and will perform the work required of it; that it will work when moving forward or backwards with separator; that it is durable, with proper care.

It is clear from the evidence that the pole was intended to be attached to a threshing separator for the purpose of steering and drawing it, and that it was ordered for this use or purpose. The pole was shipped and delivered, on the order, to the defendant. He did not give the note before delivery, or at any time, nor did the plaintiff ever ask him for the note. The defendant had no opportunity to examine the pole before delivery.

The contention of the plaintiff, and such seems to have been the view of the trial court, is to the effect that, because the defendant did not give his note before the delivery of the pole, the warranties in the order were thereby discharged, and, there having been an express warranty in the contract, there can be no implied contract that the pole was reasonably adapted for the purpose and use for which it was intended and ordered. The cases of Warren v. Watson, 92 Iowa, 759, 60 N. W. 481, and Robinson v. Berkey, 100 Iowa, 136, 69 N. W. 434, 62 Am. St. 549, are cited in support of this proposition. These cases support the contention of the plaintiff to the extent only

that the failure to give the note before delivery of the pole was a waiver of the express warranties contained in the order; but they do not sustain the further contention that the defendant cannot avail himself of the implied warranty that the pole was reasonably fit for the purpose for which it was ordered and intended.

The contention of the defendant is that, having failed to give the note before delivery, the express condition upon which the warranties in the written order were made to depend, the case stands precisely as if there were no warranties, conditional or otherwise, expressed in the order, and, the pole having been intended and ordered for a particular use or purpose, there was an implied warranty that the pole was reasonably adapted to such use or purpose. A determination of the respective contentions of the parties involves a construction of the written order or contract.

A warranty of a chattel is a matter of contract, expressed or implied, and the seller may attach such conditions or limitations to the express warranty as he may see fit. An express warranty will exclude an implied one on the same subject. Where a chattel is intended and ordered for a particular use or purpose, the general rule is that there is an implied warranty that it shall be fit for the purpose intended. Cosgrove v. Bennett, 32 Minn. 371, 20 N. W. 359.

It appears incidentally from the record that the order, as to its conditions and warranties, was printed matter selected and prepared by the plaintiff. Again, it is an unfair one, so far as it provides for a forfeiture of the warranties in case the defendant failed to give his note for the pole before its delivery and before he had an opportunity to examine it. The contract, then, as to the warranties and the conditions upon which they were to be effective, must be construed strictly as against the plaintiff. The provisions of the contract as to the express warranties made therein and the failure of the defendant to give the note before delivery of the pole must be construed together. The warranties discharged by such failure are the express warranties contained in the contract, and, defendant having failed to perform the condition upon which the express warranties depended, and the plaintiff having made delivery without demanding the note, the case stands precisely as if the contract had contained no

express warranties. Parsons v. Mallinger, 122 Iowa, 703, 98 N. W. 580.

It follows, upon the special facts of this case, that the trial court erred in rejecting the defendant's offer to prove a breach of the warranty, which the law implies, that the chattel ordered is reasonably adapted for the use and purposes intended and for which it was ordered.

Judgment reversed, and a new trial granted.

JAGGARD, J., took no part.

BROWN, J.

I concur in the conclusion, but do not assent to the proposition, if by inference or otherwise the opinion may be construed as so holding, that the contract, in so far as it provides that the failure of the purchaser to pay for the machine, or give his promissory note therefor, before delivery thereof, discharges the warranty, is valid or enforceable. It might well be claimed that the contract in this respect imposes as a penalty for the failure of the purchaser to pay for the machine before delivery, or even an opportunity for inspection of the same, the forfeiture of a substantial and valuable right, namely, the right to apply to the courts for redress for a breach of the warranty, and therefore obnoxious and unenforceable.