GEORGE E. PEW COMPANY v. KARLEY & TITENSOR ET AL.,
Appellants.

Sales: IMPLIED WARRANTY: EVIDENCE. In an action for the price of
machinery sold with an express warranty that it was of good
material and would do good work when properly operated, there
may also be an implied warranty that it will accomplish certain
results or be adequate for a specified purpose, and evidence tend-
ing to establish such implied warranty is admissible. Thus where
the defendant purchased electric lighting machinery under an
express warranty that it was made of good material and would
do efficient work when properly operated, it was proper for the
defendant to show that plaintiff represented that the same would
be of sufficient power and capacity for the purpose desired; that
they relied upon such representations; that the same was entirely
insufficient for the purpose desired; that the same was never de-
livered as a compliance with the contract and that defendant never
accepted the same, notwithstanding the express warranty as to
quality and capacity.

*Appeal from Plymouth District Court.*—HON. WILLIAM
HUTCHINSON, Judge.

WEDNESDAY, FEBRUARY 14, 1912.

ACTION in equity to recover the purchase price of an
electric engine, and to enforce a mechanic's lien therefor
against the premises of defendants, upon which the engine
had been placed for use in connection with such premises.
There was a decree for the plaintiff, and defendants ap-
peal.—*Reversed.*

*Nelson Miller,* for appellants.

*McDuffie & Keenan,* for appellee.

McCLAIN, C. J.—The plaintiff pleaded and proved a written order of defendant for a six horsepower electric engine, otherwise specifically described, and a five kilowatt dynamo, with belting, at a specified price, with a warranty embodied in the order that "any article covered by this order is guaranteed to be made of good material and to do good and efficient work for which it is intended, when properly operated," with the proviso that the purchaser should have one day to give the article a fair trial, and if it did not fulfill the warranty should notify the plaintiff, and if the article should not then, within a reasonable time, be made to fulfill the warranty the defendants would return it to the place where received, and a new machine would be given in its place, or the purchase price refunded. It further provided that failure to fully settle for any article on delivery would constitute a waiver of warranty. The defendants alleged that on the premises on which plaintiff sought to enforce a mechanics lien they were conducting a moving picture show, using electric light for the purpose of lighting the building and operating two stereopticon lamps in throwing the moving pictures upon a canvas for exhibition purposes, when plaintiffs suggested that they put in their own electric plant; that defendants had no knowledge of electric light plants, and the plaintiff represented to them that a six horsepower engine, with accompanying dynamo, would be of sufficient power and capacity to furnish the light required; that, depending on these representations, defendants gave the order in question for a six horsepower engine, which order was afterwards changed, so as to call for a nine horsepower engine at an additional cost; that the machinery furnished under the order was entirely insufficient for the purpose designed, and failed to operate the two stereopticon lamps, and that plaintiff never delivered such machinery to defendants as a compliance with the contract; and further that the defendants never accepted the same. The defendants also pleaded

that plaintiff warranted the machinery to do the work specified in the answer.

On the trial the court refused to receive evidence offered by defendants to show that plaintiff knew what work the machinery was required for, and represented that, it would do such work, and its rulings evidently were based on the theory that the express warranty did not cover the adequacy of the machinery to furnish the power required, and no other warranty could be established by parol evidence. In adopting this theory, we are satisfied that the court plainly erred. Notwithstanding an express warranty embodied in an order for machinery that it shall be of good material and efficient as a piece of machinery, there may be an implied warranty that it will accomplish certain results, or be adequate for a specified purpose; and the evidence offered for defendants, which the court refused to receive, if received, would have tended to establish such implied warranty. This appears without controversy from the offers of evidence made by defendants, to which objections on the part of plaintiff were sustained.

It affords no answer to defendants' contention that if they had accepted the machinery they would have had a written warranty that it was manufactured of good material and of the capacity represented, for under such written warranty it could well be said that they had assumed the sufficiency of machinery of the specified capacity to furnish the light desired; that is, sufficient light to enable them to properly carry on their business. The offered evidence would have tended to show that plaintiff undertook to furnish machinery which would give them adequate light, having knowledge of the purpose for which the light was desired. The implied warranty of the suitableness and adequacy of the machinery for the purpose desired might be established, notwithstanding the written warranty as to the quality and technical capacity of the machinery contained in the order. *Reeves v. Lamm,* 135 Iowa, 201;

*Hansmann v. Pollard,* 113 Minn. 429 (129 N. W. 848);
*Parsons Band Cutter Co. v. Mallinger,* 122 Iowa, 703;
*Loxtercamp v. Lininger Implement Co.,* 147 Iowa, 29;
*Blackmore v. Fairbanks,* 79 Iowa, 282; *Davis v. Sweeney,*
75 Iowa, 45.

That the implied warranty which defendants offered
to establish was wholly independent of and not inconsistent
with the proposed written warranty is quite clear from
evidence which was admitted in the case. Plaintiff in-
stalled its machinery on defendants' premises and attempt-
ed to demonstrate that it would serve the purpose intended;
but it was found that the light was wholly insufficient.
The plaintiff called in an expert, who recommended that
a nine horsepower engine be substituted for the six horse-
power engine originally ordered. Plaintiff undertook to
put in a nine horsepower engine, if defendants would
pay an additional sum, and this the defendants agreed to
do. When the new engine was installed and tried by plain-
tiff, the light was still insufficient; and the electricity fur-
nished did not operate both of the stereopticon lamps.
Thereupon plaintiff's expert recommended a larger dyna-
mo, with a further addition to the contract price, which
defendants refused to pay, and defendants have made no
further use of the machinery. There is a square conflict
in the evidence as to whether defendants have accepted the
machinery, and are now relegated to their remedy, if any
they have, on the written warranty. But it is clear that
defendants have not been allowed the opportunity to make
out the case pleaded in their answer that the machinery
furnished did not comply with the implied warranty, and
was properly rejected by them on that account.

The judgment of the trial court is therefore *reversed.*