## McCLUNG v. KELLEY.

1. **Contract**: SALE: EXECUTORY: COMPLETE. A contract of sale is executory only so long as any thing remains to be done to the thing sold, to put it in a condition for sale, to identify it or discriminate it from other things, to determine its quantity if the price depends on this, unless to be done by the buyer alone.

2. —— QUESTION FOR JURY. As to whether or not a sale has been completed, is a question of fact for the jury.

3. —— CONSTRUCTION OF. As a general rule, unless there has been a warranty, false representation, or fraudulent concealment, the purchaser of property, under a completed contract, must take it, regardless of its defects, while an executory contract of sale always carries with it an obligation that the property shall be merchantable, at least, and not have any remarkable defect.

*Appeal from Cedar District Court.*

THURSDAY, DECEMBER 20.

ACTION upon a parol contract for the sale of cattle. The plaintiff claims that in October, 1865, he had twenty-eight head of cattle, and that he then sold them to defendant at six cents per pound, ten dollars being then paid him, to be delivered, weighed and paid for at Wilton, on the 1st day of March following; that he wanted the defendant to go and see them before they concluded their contract, but he refused; that he told defendant, at the time of sale, that another stock dealer had offered him five and a half cents (but, in fact, he had only offered him five cents per pound), and that he made no representation as to size or quality; that he produced the cattle at Wilton on the day fixed, and weighed them, they weighing 25,886 pounds, but defendant refused to receive or pay for them; that defendant failing to take the cattle, the plaintiff sold them the next day for $620, the best price he could get for them. He brings this suit to recover the balance of the contract price.

The defendant admits the contract for sale and price, but claims that plaintiff agreed that the cattle should be fat and smooth, and average not less than 1150 pounds each; that he was a cattle dealer, and such cattle were worth at Wilton, March 1st, 1866, from six to six and a half, and that he relied on plaintiff's representations. The parties respectively testify to the facts as claimed by them.

It is further proved that when the cattle were weighed at Wilton, they averaged 924½ pounds; that there was but one good steer, four or five pretty good, the rest nothing but stock cattle, and three or four of them had the "big jaw," and two had it very bad and were worthless.

There was a trial to a jury; verdict for the plaintiff for $452,75.

The defendant appeals.

*Cook & Drury* for the appellant.

*Fairall & Boal* and *Piatt & Spicer* for the appellee.

Cole, J.—There was material conflict of the testimony as given by the plaintiff and defendant, each sustaining, in substance, the claim made by his pleading, and there was also more or less corroborating testimony sustaining their respective claims.

After the evidence was closed, the court gave to the jury two instructions, in substance: first, that if they found the plaintiff's claim established, their verdict should be for him; and, second, if they found the contract proved as claimed by the defendant, they should return a verdict for him.

The third instruction was as follows: " There are no issues in the pleadings in this case, that plaintiff made false or fraudulent representations about the cattle; nor that plaintiff did not use ordinary care in feeding or taking care of the cattle; nor is it material whether two or more of the cattle had the ' big jaw,' at the time the cattle were to be delivered. The only issue is as to what the contract is between the parties.

" If you find the contract to be as claimed by plaintiff, he will be entitled to recover if he fulfilled it on his part; and, on the other hand, if the contract was as claimed by defendant, you should find for him."

In order to test the correctness of this instruction, let us make two or three inquiries. And, first, as to the character or kind of the contract as claimed by the plaintiff. Is it an executory or executed contract? In other

words, did it provide for the doing of some other act, or the happening of some event, before the contract should be complete, or was it completed by its own terms?

It is a rule that the property does not pass absolutely unless the sale be completed; and it is not completed **1. CONTRACT:** until the happening of any event expressly **sale: exe-cutory: com-plete.** provided for, or so long as any thing remains to be done to the thing sold to *put it into a condition for sale*, or to identify it, or discriminate it from other things. Pars. on Con., vol. 1, p. 441.

Nor is the sale completed while any thing remains to be done to determine its quantity, if the price depends on this; unless this is to be done by the buyer alone. And even if earnest, or a part of the price be paid, the sale is not for that reason complete. If the sale be complete, the property in the thing sold passes to the buyer; if not complete, it remains with the original owner. Id.

No sale is complete, so as to vest in the vendee an immediate right of property, so long as any thing remains to be done between the buyer and seller in relation to the thing sold. Story on Sales, § 296, and authorities in note 2; Chitty on Con. (10th Am. ed.), 396, 397; Addison on Con. (2d Am. ed.), 225 to 228.

Secondly, who determines whether there has been **2. —— question for jury.** a completed sale or not? And here the answer is plain that it is a question of fact for the jury to determine. 1 Parsons on Con., 441; *De Widder* v. *McKnight*, 13 Johns., 294.

And, thirdly, what is the rule of construction or test of liability, as applied, respectively, to executory and **3. —— con-struction of.** completed contracts? As to the latter, it is a general rule, that, unless there has been a warranty, false representation or fraudulent concealment, the purchaser must take the property regardless of its defects, and the seller is without liability therefor.

As to the former—executory sales—the contract always carries an obligation that the article sold shall be *merchantable*, at least not have any remarkable defect. Bacon's Ab. Tender (B), pl. 2; *Laing* v. *Fidgeon*, 6 Taunt., 108; 1 Eng. Com. Law, 327; *Gallagher* v. *Waring*, 9 Wend., 20 (*i. e.*, 28); *Hart* v. *Wright*, 17 Wend., 267 (*i. e.*, 277); *Howard & Ryckman* v. *Hoey*, 23 Wend., 350; *Misner* v. *Granger*, 4 Gilm., 69; *Babcock* v. *Trice*, 18 Ill., 520.

The third instruction, as given, is at variance with these principles, and was therefore erroneous. In that instruction the court clearly assumes the contract to have been a completed sale, a fact within the province of the jury to determine, for he informs them that it is not material whether two or more of the cattle had the " big jaw " at the time they were to be delivered, while this fact was of the utmost importance and materiality.

The court should have instructed the jury as to what constitutes an *executory* sale, and also a *completed* sale, and thereunder left it for them to determine to which class the contract of sale in this case belonged. If it was an executory sale, then the plaintiff was bound to deliver merchantable cattle, at least of medium quality or goodness, and unless he did so he could not recover.

Reversed.