*J. Buchanan,* for appellants.

———————————◇———————————

## MANN and Others *v.* EVERSTON.

SUPREME COURT.—*Evidence.*—The Supreme Court will not weigh conflicting testimony.

SALE.—*Implied Warranty.*—*Instruction to Jury.*—On the trial of an action for breach of warranty in the sale of a quantity of kiln-dried corn-meal for shipment from this State to New Orleans, the court instructed the jury that if the meal was sold for shipment to a southern market, a warranty would be implied that it was properly packed and fit for such shipment and such as was contemplated by the purchase, but *not that it would continue sound for any particular or definite length of time.*

*Held,* that there was no error.

APPEAL from the Posey Circuit Court.

FRAZER, C. J.—The appellee sold to the appellants a quantity of kiln-dried corn-meal, of his own manufacture, for

shipment to New Orleans. The purchaser sued for breach of warranty and fraud in the sale, alleging, that the meal was not well dried as warranted and represented, whereby it spoiled, to his damage. The answer was a denial. The evidence was contradictory and conflicting, and the determination of the issue of fact depended largely upon the credit due to the various witnesses; and yet we are asked to reverse the judgment upon the evidence. It ought by this time to be considered as settled, that this court cannot interfere upon that ground under such circumstances.

The court instructed the jury, that if the meal was sold for shipment to a southern market, a warranty would be implied that it was properly packed and fit for such shipment, and such as was contemplated by the purchase, but *not that it would continue sound for any particular or definite length of time.* The appellants' counsel suggests that that part of the instruction put above in italics contravenes the rule of law as held in *Brenton* v. *Davis,* 8 Blackf. 317, and the authorities there cited. The argument is, that under the instruction the jury would understand that they must find for the defendant in the absence of positive proof that the meal was unsound and spoiled when delivered. We do not so understand the instruction, and do not see how the jury could so understand it. It is plain, in the nature of things, and was made plain by the evidence, that the period during which corn-meal properly dried and packed, and reasonably fit for shipment to New Orleans, will remain sound, is not definite and certain, but depends greatly upon unforeseen contingencies, such as the season, whether unusually wet or dry, the degree of exposure, and the manner of storage during the voyage. The implied warranty would not cover these contingencies.

Affirmed, with costs.

*W. P. Edson,* for appellants.

*J. & H. C. Pitcher,* for appellee.