DAVIS & SONS V. SWEENEY *et al.*

| 75 | 45 |
|-----|-----|
| 122 | 707 |
| 122 | 711 |

Sale of Machine: DELIVERY WITHOUT AGREED PAYMENT: FAILURE TO WORK: RETURN: ACTION FOR PURCHASE PRICE. By a written executory contract plaintiffs agreed to deliver to defendants a machine, and defendants agreed, upon such delivery, to execute their notes for the purchase price. The contract contained warranties of the machine, but provided that they should be of no effect if the notes for the purchase price were not made upon delivery. The delivery was made through the plaintiffs' agent, but defendants did not then make the notes, because the agent directed them to first try the machine and see whether it was satisfactory. They found it to be worthless for the purpose for which it was made and purchased, and promptly returned it to the agent, and notified plaintiffs. In an action upon the written contract for the purchase price, *held* that, since defendants discovered, before executing the contract on their part ( by making their notes ), that the machine was worthless, and thereupon returned it, they were absolved from their obligation to execute the notes, and were not liable for the purchase price.

*Appeal from Dubuque District Court*—HON. D. J. LENEHAN, Judge.

FILED, SEPTEMBER 6, 1888.

THIS is an action to recover the contract price of a threshing-machine alleged to have been sold by the plaintiffs to the defendants. A demurrer to the answer was sustained, and the defendants appeal.

*McCeney & O'Donell*, for appellants.

*J. C. Longueville*, for appellees.

ROTHROCK, J.—A written order was executed by the defendants for a machine to be delivered by the plaintiffs at Washington Mills, Iowa. The order appears to be in the same form as the order of *Davis & Sons v. Robinson*, 67 Iowa, 356. It appears from the order that

the defendants were to make settlement before delivery, by giving their promissory notes for the purchase price of the machine. The machine was to be shipped to Washington Mills from Davenport, Iowa, but the order does not name the consignee. The order contains this provision: "Settlement to be left in the hands of A. L. Gross, Washington Mills, Iowa, until warranty is fulfilled."

The contract was one of warranty, which was in writing, by which the machine was warranted to be well made, of good materials, and, with proper management, capable of doing first-class work. There were the usual provisions for a fair trial of the machine, and for notice to the plaintiffs, if it did not work well, and for a reasonable time to get to the machine to remedy the defects, with the necessary and friendly assistance clause; and that, if the machine could not be made to do good work, to be returned to the place where received, and a new machine given in its place, or the notes would be returned. The warranty contains this further provision: "It being understood and agreed that if purchaser does not make full settlement with cash or approved notes for the machine, upon its delivery to him, he thereby waives all claims under this warranty. (No agent has authority to change the above warranty.) There is no verbal agreement or condition to this sale."

It is alleged in the petition that the machine was shipped to Washington Mills, and the possession thereof delivered to the defendants, and that they converted the same to their own use, but did not execute the notes for the purchase price; and judgment is demanded therefor. The answer to this petition was in these words: "Defendants, in answer to petition of plaintiffs in above-entitled cause, say: They admit the giving of the order set out in the petition, but deny that the plaintiffs complied with said order, and say that plaintiffs did not send said machinery to them at Washington Mills, but sent the same to plaintiffs' own agent, one H. L. Gross, who then delivered the same to these defendants, and also handed them the notes and mortgage referred to in said order,

Davis & Sons v. Sweeney.

and said agent then verbally directed these defendants to try said machinery, and, if the same was satisfactory, to then sign and deliver to him the notes and mortgage; that, in compliance with the directions so given by plaintiffs, these defendants took the machinery, and made trial of the same, so as to ascertain that the same was as represented by the agent who procured the order, and capable of performing the work for which it was ordered; that these defendants did try said machinery at once, and ascertained that the same was not as represented by the agent who procured the order, and was wholly unfit to perform the work for which it was ordered, or the work for which such machinery is made, but was wholly unfit to perform the work for which plaintiffs knew these defendants had ordered the same; that, as soon as these defendants ascertained that said machinery was worthless, they gave the plaintiffs written notice, and required them to come and remedy such defects, and they then sent their agent for the purpose of remedying the defects, but he failed to make the machinery work, and abandoned all efforts to do so; that thereupon these defendants returned the machinery in ten days to said agent, at Washington Mills, from whom it was received, and refused to accept the same as being in compliance with said order, and also notified said plaintiffs in writing. Defendants further say that in no way or manner have they taken or used said machinery other than as above stated, nor have they in any manner exercised any control over the same since they returned the same to said plaintiffs' agent."

The demurrer to the answer was as follows: " Now comes the plaintiff, and demurs to the answer of defendants on the following grounds: *First.* Because said answer does not constitute a defense to the plaintiff's petition, because plaintiff sues on a written contract, which is admitted by the answer, and the facts stated in the answer undertake to vary, contradict and alter the terms of said written contract by prior, contemporaneous and subsequent parol agreements. *Second.* The defendants' answer admits the execution and delivery of the

written contract sued upon, and that no delivery of the notes and mortgage specified for therein were ever executed and delivered, and notwithstanding the answer alleges a breach of the warranty, and return of the property thereunder, which privilege they did not have under the contract. *Third.* Because under the terms of the written agreement, there was no warranty, unless the notes and mortgage were executed before the delivery of the property; and the answer shows that the notes and mortgage were not executed and delivered, and that under the facts stated in the answer there was no warranty, and that the terms of the written instrument cannot be varied, altered and changed by parol agreements. *Fourth.* That it is shown by the answer that there was no warranty of the machinery on the part of the plaintiffs, and that defendants cannot avoid payment of the same by offering to return the same."

It will be observed that the contract upon which the suit was brought is wholly executory. · It was an agreement to take the machine and give the notes. By the averments of the answer, which are to be taken as true, the machine was shipped to the agent Gross, and by him delivered to the defendants. It is insisted by the plaintiffs that the defendants had no right to take the machine without giving the notes. It appears that Gross undertook to waive this provision of the contract, and delivered the machine for trial before giving the notes. The plaintiffs and the court seem to have been of the opinion that the defendants by their answer claimed that there was a breach of the written warranty. That seems to be the basis of the second and third grounds of demurrer, which were sustained. We do not so understand the answer. It avers that the machine was absolutely worthless, and wholly unfit to perform the work for which it was intended; and that, for that reason, they refused to accept it as being in compliance with the order. The transaction never became a complete sale. But the plaintiffs, by their petition, claim that, after the defendants wrongfully converted the machine to their own use, they refused, and still refuse,

Davis & Sons v. Sweeney.

to execute the notes; and damages are claimed in the sum of the contract price of the machine. The complaint really is that defendants did not complete the contract by giving the notes. As we have seen, the defendants do not defend the action by averring a breach of the written warranty. Now, it may not have been within the power of the agent to deliver the machine without the receipt of the notes, but the fact remains that, so far as this record shows, the machine was in fact worthless; and the plaintiffs are in the position of claiming that, notwithstanding that fact, that defendants were required to give their notes, attempt to make it work, call in the plaintiffs, give necessary and friendly assistance, and take another machine, or take their notes back. It is true that, where a written warranty is made, a different contemporaneous parol warranty cannot be shown. But in all executory sales the contract always carries with it an obligation that the article sold shall be merchantable, or, in other words, reasonably suited to the purposes for which it was intended. *McClung v. Kelley*, 21 Iowa, 508. And this warranty is implied. The defendants, by their answer, evidently intended to rely on this implied warranty as authorizing them to refuse to receive the machine under the contract. We know of no rule of law which, under the facts set out in the answer, would require the defendants to give their notes for a worthless machine, and go through all the circuitous and perplexing delays and loss required by the order, in order to protect themselves against the payment of the notes upon the ground of the written warranty. The answer makes it perfectly plain that they never received the machine as in compliance with the contract; and, as it appears from the answer that it was worthless, they could not be required to receive it as a fulfillment of the contract. They took it upon trial, and returned it, and refused to take it on the contract. We think that the demurrer should have been overruled.

II. The plaintiffs appeal from the order overruling the demurrer on the first and fourth grounds thereof.

These grounds of demurrer do not differ essentially from those which were sustained. When it is determined that the answer presents a good defense, that disposes of all there is in the case. Indeed, it appears to us that all of the grounds of the demurrer are founded upon the one idea, which is that the defendants, by their answer, rely on the written warranty, and a breach thereof. We think this is a mistaken view of the averments of the answer, and that the demurrer should have been overruled generally.

REVERSED.