## RUSSELL v. CRITCHFIELD.

1. **Payment:** IN FARMERS' NOTES: IMPLIED WARRANTY AS TO COLLEC-TIBILITY. In the case of executory contracts for the sale of personal property not open to the inspection of the buyer, or not in existence when the contract is made, and which is not so particularly described as to leave no room for question, there is an implied warranty that the property to be furnished shall be merchantable. (See *McClung v. Kelley*, 21 Iowa, 511). On the same principle, an agreement to pay a fixed sum in farmers' notes, without specifying the particular notes to be delivered, carried with it an implied warranty that the notes should be collectible.

2. ——: ——: DEMAND. In such case, where the time for the delivery was fixed, and defendant claimed that he had delivered all the notes required by the agreement, and did not raise the issue that no demand had been made for the notes before the commencement of an action based on his failure to deliver sufficient good notes, *held* that there was no error in rendering judgment against defendant without proof of demand.

*Appeal from Ringgold District Court.*—Hon. R. C. Henry, Judge.

FILED, SEPTEMBER 6, 1888.

IN January, 1885, the parties to this action entered into an agreement in writing for the sale and transfer by plaintiff to defendant of certain real and personal property. A part of the consideration for this property was to be paid by defendant in farmers' notes given for agricultural implements sold at the warehouse of Critchfield, in Mt. Ayr. Some of this paper was to become due on or about the first of January, 1886, and a portion a year later. The agreement was carried out in part; but plaintiff alleges that there was due him on account thereof the sum of $1,084, and that about one-half of this amount is due by reason of the delivery to him by defendant of worthless notes, instead of notes that were collectible. The notes alleged to be worthless are

brought into court, and tendered to defendant. Plaintiff asks judgment for the amount due, and that a vendor's lien therefor be enforced. Defendant denies all obligation, and claims full performance on his part of the agreement. The district court rendered judgment in favor of plaintiff for $409.87 and costs, and adjudged that three of the notes tendered to defendant, amounting to $215.79, exclusive of interest, should be taken by him. The defendant Critchfield appeals.

*R. H. Spence* and *Laughlin & Campbell*, for appellant.

*R. F. Askren* and *J. W. Brockett*, for appellee.

ROBINSON, J.—I. It is conceded by appellant that there is due the plaintiff the sum of $169.77, besides interest. This, with the notes adjudged to belong to defendant, with interest, would equal the amount of the judgment rendered in favor of plaintiff. It is contended by appellant that the agreement in question did not require him "to turn over to plaintiff notes which were unconditionally good and collectible." It is true that it does not in terms require notes of that character. Nothing is said as to the value of the notes. But in case of executory contracts for the sale of personal property not open to the inspection of the buyer, or not in existence when the contract is made, and which is not so particularly described as to leave no room for question, there is an implied warranty that the property to be furnished shall be merchantable. 2 Benj. Sales, secs. 988, 989; *Hoe v. Sanborn*, 21 N. Y. 562; *McClung v. Kelley*, 21 Iowa, 511. In this case the agreement did not specify the particular notes to be delivered, but provided that a fixed sum should be paid in notes. We must presume that it could not be paid except in good notes. That this is the construction placed upon the agreement by the parties is shown by the fact that, when the notes were delivered, plaintiff refused to take certain notes which he knew to be worthless, and took others of which

he had no knowledge only on the representation of defendant that they were good and collectible.

II. It is insisted by appellant that the three notes rejected by the judgment of the court below were in fact good, and that evidence given to show that they were worthless was hearsay and incompetent. Some hearsay evidence was given, but we think the notes were shown to be poor by competent evidence. In fact, we do not understand that the defendant made any serious attempts to rebut this evidence.

III. Appellant claims that no demand for the notes has been shown, and that it was error to render a judgment for the payment of money for that reason. The alleged failure to demand notes before the commencement of this suit is not made an issue by the pleadings, and the time for the delivery of the notes was fixed by the agreement. A complete delivery of all notes required by the agreement was claimed by appellant, and he refused to make any further adjustment of the matter. A tender of notes to the amount of one hundred and seventy-five dollars, and judgment for costs, was served by defendant after the petition was filed, and before that; but this was made under section 2900 of the Code, and was not accepted. As judgment was rendered for more than the amount of the tender, it was never material. In our opinion the judgment of the district court, so far as it can be considered on this appeal, was not erroneous. It is therefore

AFFIRMED.