Henry Loxtercamp, Appellee, v. Lininger Implement Company, Appellant.

**Sales:** IMPLIED WARRANTY. Where a dealer undertakes to furnish an article to fill an order from one who buys for resale, a warranty is implied that it is of merchantable quality; and this ordinarily means, in the case of a manufactured article, that it is of good material, well made and reasonably fitted for the use for which it is constructed and furnished.

**Same:** EXPRESS WARRANTY: MERGER OF IMPLIED WARRANTY. The provision in a written order for a farm implement from a wholesale dealer, that the implement is subject to the warranties published in the catalogue of the manufacturer, if constituting an express warranty on the part of anyone, it is the warranty of

the wholesaler rather than that of the manufacturer, and is not necessarily inconsistent with an implied warranty, or to be taken as expressing the entire agreement.

Same: APPEAL: CHANGE OF THEORY. One who has induced a holding of the trial court that a contract of sale did not amount to an express warranty, can not, on appeal, escape liability for breach of implied warranty on the ground that the same was merged in the express warranty.

Warranties: EXPRESS AND IMPLIED. A written contract of sale and warranty will not of necessity deprive the buyer of the benefit of an implied warranty.

Same: BREACH OF WARRANTY: INSPECTION BY PURCHASER: WAIVER OF DEFECTS. One who purchases with an implied warranty an article of machinery, the real character and quality of which can only be determined by actual use, does not lose the benefit of his warranty by a failure to discover latent defects until the machine is put to the actual use for which intended.

Same. The duty of inspecting an article purchased only applies where the buyer undertakes to rescind the purchase; it can not be urged in an independent action to recover damages for breach of an alleged implied warranty.

Same: BREACH OF WARRANTY: MEASURE OF DAMAGES. Although a purchaser of machinery for resale under an implied warranty pleads a loss of resale and consequent loss of profit because of a breach of the warranty, yet, if he also alleges that by reason of its defective condition the machine was wholly unsalable, useless and without value, he is not limited in his recovery to a loss of profits from the resale, but may recover the difference between the reasonable value of the machine had it been in merchantable condition as warranted, and its value in the actual condition in which it was delivered.

Exclusion of evidence: HARMLESS ERROR. A party can not complain of the exclusion of evidence which is subsequently admitted.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, APRIL 9, 1910.

ACTION at law to recover damages for breach of an

alleged implied warranty of a manure spreader. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*B. I. Salinger* and *L. H. Salinger,* for appellant.

*Lee & Robb,* for appellee.

Weaver, J.—At the date of the transaction under inquiry the plaintiff was a retail dealer in farm implements at Carroll, Iowa, and the defendant a wholesale dealer at Omaha, Neb., in like merchandise, including the Kemp manure spreader, manufactured by a concern known as the Richardson Manufacturing Company at Worcester, Mass. Plaintiff gave defendant a written or printed order for a Kemp spreader, in which the only reference to a warranty or representation of quality is in the following words: "We agree to receive the following mentioned below and settle for the same on arrival by notes due as per terms marked below. . . . All goods subject to the warranties published in factory's catalogue and circulars." There is evidence to the effect that the Richardson Manufacturing Company in its advertising literature described the virtues and triumphs of the Kemp spreader in the following terms: "The Worcester Kemp manure spreader has had nearly thirty years of this field experience. Every part has been demonstrated in actual field work; it is strong, simple and mechanically right. It does its work with a certainty that is not disturbed by any possible local conditions. The Worcester Kemp is well built in every detail. Every particle of material has its office to perform, and forms its part of the magnificent whole." The machine was shipped to plaintiff, who, after having it in store for a time, made a tentative sale thereof to one Schwaller for use on a farm. On being tested by Schwaller, it proved to be incapable of doing good work, and was returned to the plaintiff, who, after

unsuccessful appeals first to the defendant and later to the Richardson Company to remedy the defects, brought this action for damages, declaring both upon a breach of a written warranty and a breach of an implied warranty of fitness. The defendant answered, admitting the sale of the machine to plaintiff, but denying that it gave the plaintiff any warranty, express or implied, concerning said machine, and alleging that "whatever warranties, express or implied, were made, if any were made, were not those of the defendant but of the makers of the machine in controversy;" and it further avers that, if any implied warranty did or could have arisen from the sale to plaintiff, yet as it is conceded that such sale was made to him for the purpose of resale, and as he had the machine in his possession for a period reasonably sufficient to enable him to inspect it and ascertain its quality before selling to Schwaller, the office of such warranty had been accomplished, and no action would thereafter lie against defendant for its breach.

At the close of the testimony, the trial court withdrew from the jury the issue upon the alleged express warranty, but submitted the case for a verdict upon the alleged breach of an implied warranty. On this question it instructed the jury in substance that if the machine was ordered for the purpose of resale, and at the time of such order plaintiff had no opportunity to inspect and ascertain the quality of such spreader, the law would imply a warranty that it was reasonably fit for the purpose for which it was designed, and was in a merchantable condition, and that, if on a reasonable trial it proved to be materially defective in the respects named, plaintiff was entitled to recover his damages so sustained. The jury found for the plaintiff.

Stated in brief terms, the position of appellant is that under the circumstances of this case there was no implied warranty in the sale of the machine; or, if such

implication did arise, it was fully satisfied and discharged,

**1. SALES:**
**implied**
**warranty.**

when plaintiff had held it in possession a sufficient time for inspection of its quality and character before making a resale. Was there an implied warranty? We do not understand counsel to deny the proposition that, generally speaking, in an executory contract for sale of personal property when the thing sold is not present for inspection and delivery, or where a dealer undertakes to furnish an article to fill the order of one who buys for resale or for any other known or specified use, a warranty is implied that it is of merchantable quality, and this is ordinarily held to mean or include an assurance that such article (if a product of manufacture) is well made, of good material, and reasonably well fitted for the uses for which it is constructed or furnished. *Davis v. Sweeney,* 75 Iowa, 45; *Russell v. Critchfield,* 75 Iowa, 69; *Blackmore v. Fairbanks,* 79 Iowa, 282; *Checkrower Co. v. Bradley,* 105 Iowa, 537; *Parsons v. Mallinger,* 122 Iowa, 703; *Bank v. Dutcher,* 128 Iowa, 413. In some states the rule may be somewhat narrower than is here stated, but it is too well settled in our own jurisdiction to admit of question.

It is argued, however, that the terms of the written order are such as to exclude any implication of warranty. This position is grounded on the clause, "all goods subject

**2. SAME:**
**express**
**warranty:**
**merger of**
**implied**
**warranty.**

to the warranties contained in the factory's catalogues and circulars." It is said, in substance, that here is an express written warranty which includes all the terms and liabilities which in any case could arise from an implied warranty, and therefore under the rule of *Bucy v. Pitts,* 89 Iowa, 464, the implied warranty must be considered as merged in the writing, and the latter be taken as expressing the entire agreement. At the same time it is strenuously insisted that the written warranty, so called, is not the agreement, representation, or warranty of the

defendant, but of the "factory" which made the machine, which was in no manner a party to the contract of sale in controversy, and is not a party to this action. This defense appears to us to be untenable. To give the clause referred to any reasonable construction or effect as an express warranty by any person would require us to say that the appellant thereby adopted as its own warranty the representations, if any, found in the publications of the manufacturer. It could not reasonably be said that the appellee was buying upon a warranty to him by the Richardson Manufacturing Company, for that company was a stranger to the transaction. If there be any warranty expressed in the writing, it must be that of the appellee, who alone was filling the order.

But defendant denies that the language constituted an express warranty on its part, and, having succeeded in inducing the trial court to so hold, it can not be permitted in this court to escape liability on the ground that its implied warranty has been merged in an express warranty which it never gave.

3. SAME: appeal: change of theory.

Moreover, even if it should be held that this writing contains an express warranty, we are not prepared to say that it is such as excludes the idea of an implied warranty. Though such is not the universal holding, it is the rule in this state that a written contract of sale and written warranty do not necessarily deprive the buyer of the benefit of an implied warranty. *Bucy v. Pitts,* 89 Iowa, 464; *Checkrower Co. v. Bradley,* 105 Iowa, 537; *Heating Co. v. Kramer,* 127 Iowa, 142. Our attention is directed to nothing in the writing which is inconsistent with the existence of an implied warranty.

4. WARRANTIES: express and implied.

It is further argued that plaintiff received and held the machine a sufficient length of time in which to inspect and reject it if found wanting, and can not now be heard

to claim a breach of the warranty.    The record does not make a case for the application of the rule which counsel here invoke.    It may be true (though that question is not now before us) that, had the alleged defects been of a patent character or such as were readily observable from an ordinary inspection, a retention of the machine beyond a reasonable time for such casual inspection would be a waiver of the right to claim a breach of the warranty; but it certainly is not the rule that one who purchases with an implied warranty a piece of farm machinery like a threshing machine, a windmill, a harvester, a manure spreader, or other article the real character and quality of which can be determined only by a test of actual practical use must lose the benefit of his warranty because he fails to discover concealed or latent defects until in the ordinary course of business he, or his customers, put the thing purchased to the use for which it is designed and sold.

*5. SAME: breach of warranty: inspection by purchaser: waiver of defects.*

Indeed, we think the duty of inspection upon receipt of the article purchased is applicable only to cases where the buyer undertakes to rescind his order or to exercise the right to return the property to the seller. He may, if he so elect, rest upon his right to damages for breach of the warranty and recoup therefor in an action against him for the purchase price, or he can maintain an independent action for damages, and in such proceeding it is immaterial that he did not inspect the article and ascertain the defects promptly upon its receipt. *Bushman v. Taylor,* 2 Ind. App. 12 (50 Am. St. Rep. 228); *Brigg v. Hilton,* 99 N. Y. 517 (3 N. E. 51, 52 Am. Rep. 63); *Bonnell v. Jacobs,* 36 Wis. 59.

*6. SAME.*

Again, it is urged that the damages which the plaintiff was permitted to recover were for his loss of a resale to Schwaller and not the ordinary compensation allowable upon showing a breach of warranty, and this loss of a resale

could have been avoided by him had he exercised reasonable

**7. Same: breach of warranty: measure of damages.** diligence to ascertain the defects of the machine. It is true that plaintiff pleads the alleged loss of a resale of the machine and a consequent loss of profits; but he does more and alleges that, by reason of its defective condition, the article was wholly unsalable, useless, and without value. The court, as was proper, instructed the jury that, if it found him entitled to a verdict, the measure of plaintiff's recovery was the difference between the reasonable value of the machine had it been in a merchantable condition as impliedly warranted and its value in the actual condition in which it was delivered. The fact of an attempted resale was important only as showing plaintiff's conduct with reference to the machine, and the sufficiency of the efforts he had made to test its merchantability and fitness for the work it was designed to perform. His recovery was not simply the loss of a sale of the machine, but for its failure to fill the measure of the warranty on which it was sold to him.

Error is assigned upon the alleged refusal of the court to admit evidence of an expert witness as to the meaning of the phrase "all goods subject to warranties published

**8. Exclusion of evidence: harmless error.** in factory's catalogues and circulars." While it appears that the court at first sustained plaintiff's objections to this line of evidence, the transcript shows that it finally yielded to counsel's persistence, and admitted the very matter which this assignment of error assumes was excluded. In view of this record, it is not easy to understand just why the ruling is pressed upon our attention as reversible error.

We find no reason for interfering with the judgment below, and it is *affirmed*.