RINELLI *v.* RUBINO ET AL.

[No. 9,642.   Filed October 11, 1918.]

1.  SALES.—*Merchantability.*—The general rule is that where goods are sold by description and the buyer has had no opportunity for inspection, the goods must not only, in fact, answer the description but must also be salable or merchantable under such description.  p. 317.

2.  SALES.—*Implied Warranty.*—*Merchantability.*—In the sale of perishable goods, such as apples, there is no implied warranty that they will continue sound or merchantable for a definite period or for any period after delivery.  p. 317.

3. APPEAL.—*Misleading. Instruction.—Reversible Error.*—Where, in a suit for recovery of the purchase price of a carload of apples. the issue was merchantability at the place of shipment, it was reversible error to instruct in effect that, if the apples were not fit for use in the market, there was a breach of the contract of implied warranty, since the language tended to confuse the jury as to the place of merchantability. p. 318.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Samuel Rinelli against Tony Rubino and another. From a judgment for the defendant, the plaintiff appeals. *Reversed.*

*Russell P. Harker,* and *Earl & Earl,* for appellant. *Guenther, Clark & Van Brunt,* for appellee.

IBACH, J.—The appellant sued appellees to recover the purchase price of a carload of apples. The complaint is in two paragraphs, the sufficiency of which was not questioned in the trial court. The first paragraph is in the form of a common count, while the second proceeds upon the theory that appellant sold and delivered a carload of apples to appellees under a contract substantially as follows: That the plaintiff should sell to the defendants one carload of about 150 barrels of A-grade Baldwin apples; that said apples should average $2\frac{1}{2}$ inches in diameter and should be good color and sound; that plaintiff should deliver said apples to the defendants on board cars at Lockport, N. Y., consigned to defendants at Frankfort, Indiana, routed over the Lake Erie and Western Railroad, and that defendants should pay for the said apples the sum of $2.75 per barrel. It is alleged that appellant complied with his part of the contract, and that appellees refused to pay for the apples.

To this complaint appellees answered by general denial, and also filed a counterclaim in two para-

graphs, in which they set out the contract substantially as alleged in the complaint, and further allege that plaintiff in filling said order impliedly agreed and warranted that the apples would be as ordered and would be A-grade Baldwin, 2½ inches in size and would be of good color and sound; that, knowing the use of defendants for the apples, plaintiff impliedly agreed and warranted that they would be reasonably fit for such use and for resale by defendants upon their arrival and within a reasonable time thereafter; that when the apples were received at Frankfort they were rotten and worthless.

Appellant answered the counterclaim by a general denial and by an affirmative answer, in which he alleges in substance that the contract was entered into by means of telegrams, copies of which are set out, and that they constituted an express contract by which appellant agreed to furnish apples as described in the complaint at the time of delivery; that he did not either expressly or impliedly agree that the said apples should be fit or suitable for any particular purpose or that they should remain sound and of good color for any stipulated length of time; that by the terms of the contract the apples were sold by appellant to appellees on board cars at Lockport, N. Y.; and that said contract was to be and was completely performed by appellant when the apples were delivered to the carrier at Lockport.

Upon the issues thus joined a trial was had by jury and a verdict returned for appellees. Over appellant's motion for a new trial, judgment was rendered on the verdict.

The only error assigned is the overruling of the motion for a new trial, which calls in question the

court's rulings on certain instructions and the sufficiency of the evidence to sustain the verdict.

Instruction No. 6 given by the court of its own motion told the jury that "the plaintiff was bound to know that the apples in question were purchased of him by the defendants for sale and use by their retail customers in their regular trade and that the plaintiff would be held to an implied warranty that the said apples would be reasonably fit for the purpose for which the defendants purchased them," and, if they found from the evidence "that the apples furnished by the plaintiff to the defendants under the contract sued on were not reasonably fit for the use in the market, that there was a breach of the said contract of implied warranty," etc.

The general rule seems to be that where goods are sold by description and the buyer has not had an opportunity of inspecting the goods, they must

1. not only, in fact, answer the description but must also be salable or merchantable under that description. *Oil-Well Supply Co.* v. *Watson* (1907), 168 Ind. 603, 610, 80 N. E. 157, 15 L. R. A. (N. S.) 868; *Chicago, etc., Provision Co.* v. *Tilton* (1877), 87 Ill. 547; *McClung* v. *Kelley* (1866), 21 Iowa 508; *Warner* v. *Arctic Ice Co.* (1883), 74 Me. 475; *Baer* v. *Mobile Cooperage, etc., Co.* (1909), 159 Ala. 491, 49 South. 92; *Bierman* v. *City Mills Co.* (1897), 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. 635.

The question then arises, At what time and place should the inquiry as to merchantability be directed?

2. Manifestly, under the contract in suit, it should be directed to the time and place of delivery to the carrier, and the court should have in-

structed the jury clearly on this point. Apples are perishable goods. In the sale of perishable property there is no implied warranty that it will continue sound or merchantable for a definite period, or for any period after delivery. *Mann* v. *Everston* (1869), 32 Ind. 355; *English* v. *Spokane Com. Co.* (1893), 57 Fed. 451, 453; *Rhynas* v. *Keck* (1917), 179 Iowa 422, 161 N. W. 486, and cases cited; *Ryan* v. *Ulmer* (1885), 108 Pa. St. 332, 335, 56 Am. Rep. 210; *Williams, etc., Co.* v. *Marshburn* (1914), 15 Ga. App. 614, 84 S. E. 90; *Barnes* v. *Waugh* (1901), 41 N. S. 38; 35 Cyc 399, 415.

The effect of the instruction was to confuse the minds of the jury on merchantability at the place of shipment, which is the question in the case, 3.   with merchantability at place of destination. It was therefore misleading and improper, and its giving constituted reversible error.

Other questions are discussed, but, as some of them relate to the sufficiency of the evidence and others to questions not likely to arise in another trial, their discussion here would be of no material benefit.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 120 N. E. 388.   Sales: by description, implied warranty where purchaser has no opportunity to inspect, 14 L. R. A. 492, 35 L. R. A. (N. S.) 271.   See under (1, 2) 35 Cyc 397, 399.