PHILADELPHIA MOTOR TIRE COMPANY, Appellant, *v.* MAURICE
HOROWITCH and HARRY HOROWITCH, Respondents.

Third Department, March 3, 1920.

Sales — action to recover purchase price of goods — defense that
goods were not merchantable as warranted and not as represented
— evidence justifying verdict for defendant.

In an action to recover the amount of a check which the defendants, who
were jobbers, gave in payment for automobile tires sold to them by the
plaintiff, it was claimed as a defense that the tires were not merchantable
as warranted. There was evidence that although the tires were repre-
sented to be new tires of specified brands they were in fact old tires which
had been recovered and which gave practically no service. *Held*, that a
verdict for the defendants, including a counterclaim, was justified by the
evidence and that the judgment entered thereon should be affirmed.

APPEAL by the plaintiff, Philadelphia Motor Tire Company,
from a judgment of the Supreme Court in favor of the defend-
ants, entered in the office of the clerk of the county of Broome
on the 21st day of October, 1919, upon the verdict of a jury,
and also from an order entered in said clerk's office on the
9th day of October, 1919, denying the plaintiff's motion for a
new trial made upon the minutes.

*Merchant, Waite & Waite,* for the appellant.

*Sherman & Chernin,* for the respondents.

WOODWARD, J.:

The plaintiff brought this action to recover $775, the amount
of a check given in payment for certain automobile tires,
together with protest fees and interest, payment having been
stopped on the check. The defendants, by way of defense and
counterclaim, alleged that the plaintiff sold and delivered to
the defendants, on the 8th day of August, 1917, at the city of
Philadelphia, 186 automobile tires by description at the agreed
price of $1,550; that in and by the terms of said sale there was
an implied warranty from the plaintiff to the defendants that
the goods should be of merchantable quality, and that the
defendants, relying on said warranty and believing the same to

be true, were induced thereby to purchase the same from the plaintiff, and that the tires so purchased were not of merchantable quality, resulting in damage to the defendants in an amount in excess of the check on which the action was brought. The defendants alleged the Sales Act of both Pennsylvania and New York. (See Penn. Laws of 1915, pp. 546, 547, No. 241, § 15; 6 Purdon's Digest [13th ed.], 7474, 7475, § 17; Pers. Prop. Law, § 96, as added by Laws of 1911, chap. 571.) The defendants also alleged facts which, if established, would show an express warranty of the character of the goods.

The case was tried and submitted to the jury in a careful charge, to which no exception is now urged, and the jury has found a verdict in favor of the defendants, defeating recovery and awarding damages in the sum of $350. A careful examination of the evidence in this case discloses nothing to warrant an interference with the judgment. There was a decided conflict in the testimony, and the verdict of the jury finds support in the evidence. The plaintiff concededly sold the defendants the tires in question, and they were originally represented as New Castle tires, a grade of tires known to the trade. The defendants discovered that some of the 186 tires were Lehigh tires, an inferior grade. Negotiations followed and the defendants agreed to purchase New Castle and Lehigh tires at a reduced figure. Later it developed that the tires were neither New Castle nor Lehigh tires, but old tires recovered with a film of rubber, which gave practically no service, and the goods were shown to be worthless as serviceable tires, and worth only about what they would bring as junk. So far as the evidence discloses, the plaintiff, which was merely a jobber in the transaction, was not aware of the real facts, but we are of the opinion that the evidence justified the jury in holding that the goods were warranted at least of merchantable quality, and that they fell short of the warranty. This, under the charge of the court, required the finding of a verdict in favor of the defendants, and the judgment should not be disturbed.

The judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs.