PATTERSON FOUNDRY & MACHINE CO. *v.* DETROIT STOVE WORKS.

1. SALES—UNIFORM SALES ACT—IMPLIED WARRANTY—DAMAGES—QUESTION FOR JURY.

   In an action for the balance of the purchase price of certain grinding machinery, principally used for grinding enamel, whether, under the evidence, defendant was entitled to recoup damages for breach of implied warranty of merchantability and reasonable fitness for the purpose for which purchased, under the uniform sales act (3 Comp. Laws 1915, § 11846, subd. 2), *held*, properly submitted to the jury, under proper instructions.[1]

2. APPEAL AND ERROR—EXCESSIVE VERDICT AND WEIGHT OF EVIDENCE NOT CONSIDERED ON ERROR WHERE NOT RAISED BY MOTION FOR NEW TRIAL.

   That the verdict is excessive or against the great weight of the evidence, will not be considered, on error, where the question was not raised in the trial court by a motion for a new trial.[2]

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted January 20, 1925. (Docket No. 6.) Decided April 3, 1925.

Assumpsit by the Patterson Foundry & Machine Company against the Detroit Stove Works for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*Max Kahn* (*Leopold D. Mayer,* of counsel), for appellant.

*Warren, Cady, Hill & Hamblen* (*Sparkman D. Foster,* of counsel), for appellee.

CLARK, J.     Plaintiff, the manufacturer, took de-

[1]Sales, 35 Cyc. p. 482; [2]New Trial, 29 Cyc. pp. 748, 750.
On implied warranty of fitness of goods bought for a special purpose, see notes in 22 L. R. A. 191; 15 L. R. A. (N. S.) 855; 868, 884; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737.

fendant's order for three type C porcelain lined wet grinding pebble mills at $475 each, and one type E mill at $130, total $1,555, f. o. b. East Liverpool, Ohio, plaintiff's residence. The sale was by description and without inspection. The mills were forwarded. The amount due was reduced by payments to $605, which defendant refused to pay, claiming breach of implied warranty and damage resulting therefrom. Sued for the remainder of the price, defendant, with its plea of general issue, gave notice of the claimed breach of such warranty and claimed damage by way of recoupment. The grinding mills were, in the main, porcelain lined cylinders, charged with a quantity of French pebbles, and commonly used for grinding a number of substances, such as enamel and paint. The substance is placed within the cylinder, the cylinder rotated and the constant falling of the pebbles does the grinding. Defendant attempted to grind enamel. The porcelain, it is claimed, was soft and weak and, in the process of grinding, it kept breaking and mixing with the enamel, rendering it unfit for use. Defendant complained of this to plaintiff and requested action. Plaintiff gave at first suggestion and advice and finally refusal. After delay, defendant had the mills relined with porcelain at an expense, as pleaded, of $760. The verdict was no cause of action. Plaintiff brings error.

The important question is "whether the defendants have a right under the facts to maintain a defense on the ground that there was an implied warranty of any kind in connection with the machine." We quote in part section 11846, 3 Comp. Laws 1915 (uniform sales act) :

"SECTION 15. Implied warranties of quality. Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular

purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.

"(2) Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.

"(3) If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed.

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose." * * *

Plaintiff contends that this was a sale under subdivision 4 of the section and that hence there is no warranty; citing *McDonald* v. *Acme Lumber Co.*, 216 Mich. 601, and *Phœnix Sprinkler & Heating Co.* v. *Owen-Ames-Kimball Co.*, 217 Mich. 156. The cases are not controlling. It is unnecessary here to consider a sale for a particular purpose. Under subdivision 2 of the statute quoted, in this sale by description by a manufacturer, there was an implied warranty that the mills were of merchantable quality, in effect that they were reasonably fit for the general purpose for which they were manufactured and sold. 1 Williston on Sales (2d Ed.), pp. 447, 458; 22 L. R. A. 191, note. Grinding enamel was a general purpose of the mills. Indeed, the record indicates that they are commonly called enameling machines. That there was a breach of warranty and damage on account thereof were jury questions submitted under instructions in which no reversible error is found. The jury

found for defendant in a sum exactly equal to and offsetting plaintiff's claim.    That the verdict is excessive or against the great weight of the evidence will not be considered, as the matter was not brought to the attention of the trial court by motion for a new trial.

Other questions raised do not require discussion. We find no reversible error.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.