DAMMAN *v.* MERCIER–BRYAN–LARKINS BRICK CO.

SALES—IMPLIED WARRANTY.
> Where buyer ordered stock brick of specific kind for veneer pur-
> poses, there was no implied warranty of its fitness for that
> purpose (2 Comp. Laws 1929, § 9454); fitness for purpose in-
> dicated being determined by buyer under circumstances.

Error to Wayne; Doty (Frank L.), J., presiding. Submitted January 7, 1931. (Docket No. 49, Calendar No. 35,387.) Decided February 27, 1931.

Assumpsit by Archiel Damman against Mercier–Bryan–Larkins Brick Company, a Michigan corporation, on an implied warranty of quality and fitness of brick. Judgment for plaintiff. Defendant brings error. Reversed.

*Joseph L. Ruby* (*Maxwell S. Friedland* and *John H. Schneider,* of counsel), for plaintiff.

*Richard I. Lawson* and *William B. Giles,* for defendant.

POTTER, J. Plaintiff sued defendant to recover damages for breach of an implied warranty of quality and fitness of brick purchased by plaintiff from defendant, counting on section 11846, 3 Comp. Laws 1915 (2 Comp. Laws 1929, § 9454). From a judgment for plaintiff, defendant brings error.

Plaintiff "ordered 12,000 stock brick to be used for brick veneer purposes." He claims the brick,

being ordered for a specific purpose, there was an implied warranty the brick delivered were proper for that purpose; the determination of their fitness for the specific purpose being left by the contract to the seller. Defendant claims there was an order for 12,000 brick of a particular specific kind known as stock brick, that the term ''stock brick'' is a well-known trade name, and though defendant knew such brick were to be used for brick veneer purposes, there was no implied warranty of fitness for any purpose, the quality being determined by the plaintiff's order for a particular specific kind and quality of brick, and whether they were fit for the purposes indicated was determined by the buyer. If one orders No. 3 Hemlock to build a water tank and No. 3 Hemlock is delivered, can he find fault because the lumber is shaky, full of knots and unsuited for the purpose of building a water tank? Certainly not. We think there was no implied warranty of fitness of stock brick for veneer purposes.

Judgment reversed, with costs; no new trial ordered.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.