OUTHWAITE v. A. B. KNOWLSON CO.

1. SALES—WARRANTY BY DEALER—CONSTRUCTION OF MANUFAC-TURER'S WARRANTY.

Dealer's signature to certificate of inspection and conformity of work to specifications of manufacturer of stucco, appearing at bottom of written guaranty by manufacturer, may not be construed as warranty by dealer.

2. SAME—RETAILER MAY ADOPT MANUFACTURER'S WARRANTY.

. Retailer may make manufacturer's warranties his own by proper language in contract of sale.

3. SAME—IMPLIED WARRANTY BY RETAILER OF ARTICLE SOLD UNDER TRADE-NAME.

Retailer of stucco under trade-name did not impliedly warrant its fitness for building buyer's house (2 Comp. Laws 1929, § 9454, subd. 4).

4. SAME—MERCHANTABLE ARTICLE.

Merchantable may include quality of being reasonably fit for general purpose for which article is manufactured and sold, but when applied to articles of general sale under patent or trade-names and by retailers, so that implied warranty of fit-ness for particular purpose is eliminated, natural meaning is that it refers to such as are usually sold on market.

As to merchantable quality of goods, see annotation in 14 L. R. A. 492; 35 L. R. A. (N. S.) 285; L. R. A. 1917F, 472; 59 A. L. R. 1224.

5. SAME—BREACH OF WARRANTY.

> Breach of warranty in sale by retailer of stucco sold under trade-name was not shown by proof that it was of poor quality, in absence of showing that ordinary stucco as generally sold under said name was different.

Appeal from Kent; Perkins (Willis B.), J.   Submitted April 5, 1932.   (Docket No. 11, Calendar No. 36,318.)   Decided June 6, 1932.

Assumpsit by Blanche C. Outhwaite against A. B. Knowlson Company, a corporation, for breach of implied warranty and on a guaranty.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*Wicks, Fuller & Starr,* for plaintiff.

*Lindsey, Shivel & Phelps (John H. Vander Wal,* of counsel), for defendant.

FEAD, J.   In 1924, plaintiff purchased from defendant, a dealer in building materials, some stucco for use in building a home.   She demanded Elastica, which had been recommended to her, and would not consider any other brand.   She also refused to take Elastica unless she should get a 10-year guaranty with it.   Whether defendant orally promised it would give her the guaranty personally or informed her the manufacturer would give it is in dispute.

The stucco was applied to plaintiff's house.   In November she complained that it had cracked.   Representatives of the manufacturer and of defendant examined the house and the former told her the cracks were normal and would cause no trouble.

December 2d, defendant wrote plaintiff:

"After some little delay, we will be pleased to inclose herewith the usual 10-year guaranty issued

by the Art Stucco Materials Company of Detroit, indorsed by ourselves, covering your residence at 24 Hamilton street.''

The inclosed guaranty was in the form of a' letter, signed by the manufacturer, to the general effect that the stucco would rigidly adhere, not split, peel off or disintegrate, and that the guarantor would furnish labor and material necessary to replace in good condition any material found defective. It was further stated that the guaranty was granted on condition that the manufacturer's specifications had been rigidly adhered to, the principal features of which were set out. At the bottom and in the corner, below the words, ''Building inspected and material applied in conformity to the specifications of manufacturer,'' and the date, appeared ''contractor or dealer,'' with defendant's name inserted opposite them, printed with a rubber stamp.

On receiving the guaranty, plaintiff made no objection to it, but paid the balance due. Two years later she complained to defendant that the stucco had peeled off the house, was defective in many respects, and demanded fulfilment of the guaranty. Defendant denied liability under the guaranty, negotiations for settlement were unsuccessful, and plaintiff brought this suit for damages, counting both on breach of implied warranty and upon the guaranty. On trial before the court, defendant had judgment.

Plaintiff contends defendant is liable on the guaranty because it was signed by defendant and because defendant had adopted it as a matter of law.

Defendant's signature on the instrument was to a certificate of inspection and conformity of the work to the specifications of the manufacturer. The testimony upon the original conversations is not persuasive, partly because misunderstanding of the effect of words is readily possible. The facts that the writ-

ten guaranty is plain, that plaintiff had it in her possession for two years, could not have misapprehended the purpose and effect of defendant's signature thereto and made no objection to it, forbid a construction beyond its plain terms.

A retailer may make the manufacturer's warranties his own by proper language in the contract of sale.   24 R. C. L. p. 158; *Loxtercamp* v. *Lininger Implement Co.,* 147 Iowa, 29 (125 N. W. 830, 33 L. R. A. [N. S.] 501); *Morris* v. *Trinkle,* 91 Ind. App. 657 (170 N. E. 101); *Ventura Manfg., etc., Co.* v. *Warfield,* 37 Cal. App. 147 (174 Pac. 382).   The rule is not applicable here because the certificate signed by defendant did not, by reference or otherwise, incorporate the guaranty.

It cannot be said that defendant was a party to the guaranty by execution or adoption.

Plaintiff further contends that, if not liable on the guaranty, defendant is liable for breach of implied warranty of merchantable quality of the stucco. The testimony is that the product sold plaintiff was not fit for building purposes.

2 Comp. Laws 1929, § 9454, the uniform sales act, provides:

"(2) Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.

."(4) In the case of a contract to sell or a sale of a specified article under its patent or other tradename, there is no implied warranty as to its fitness for any particular purpose."

It is evident that the sale comes under paragraph (4), and there was no implied warranty of fitness of the stucco for building plaintiff's house.   If, however, as seems to be the better rule (55 C. J. p. 763),

this did not eliminate an implied warranty of merchantability, may plaintiff recover? Merchantable has many meanings (40 C. J. p. 647, 648), and, in some cases, may include the quality of being reasonably fit for the general purpose for which an article is manufactured and sold. *Patterson Foundry & Machine Co.* v. *Detroit Stove Works*, 230 Mich. 518. But, when applied to articles of general sale under patent or trade-names and by retailers, so that the implied warranty of fitness for a particular purpose is eliminated, the natural meaning is that it refers to such as are usually sold upon the market. So, defendant did not impliedly warrant that Elastica was good in any way or in any degree for plaintiff's purpose. It only warranted that the stucco sold plaintiff was merchantable, *i. e.,* of the same quality as the Elastica generally sold. Breach of warranty was not shown by proof that the product was of poor quality without going further and showing that ordinary Elastica as generally sold was different. *Foley* v. *Liggett & Myers Tobacco Co.,* 136 Misc. Rep. 468 (241 N. Y. Supp. 233); *Polly* v. *Arony,* 172 N. Y. Supp. 305; *Philadelphia Motor Tire Co.* v. *Horowitch,* 190 App. Div. 771 (180 N. Y. Supp. 661); *Snelling* v. *Dine,* 270 Mass. 501 (170 N. E. 403); *Appalachian Power Co.* v. *Tate,* 90 W. Va. 428 (111 S. E. 150).

There was no testimony that any Elastica had any merit for any purpose nor that the product sold plaintiff differed from the stucco generally distributed as Elastica.

Judgment affirmed, with costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.