## WADE v. CHARIOT TRAILER COMPANY.

1. Contracts—Strict Construction Against Drafting Party.
    A contract should be strictly construed against the party who drafted it.

2. Sales—Implied Warranty of Fitness—Purpose.
    The purpose of the doctrine of implied warranty of fitness for use is to promote high standards in business and to discourage sharp dealings.

3. Same—Implied Warranty—Construction of Exclusion Clause.
    A provision seeking to exclude implied warranties should be strictly construed.

4. Same—Implied Warranty—Pleading—House Trailer.
    Averments in buyer's declaration in action for damages for breach of warranty that paint of house trailer peeled off in huge sheets, that floors and interior walls curled and warped, mildew and dampness collected on the walls, floors and interior, the interior and exterior finish rusted, tarnished and corroded, insulation was improper and the trailer was so pervious to the wind that it could not be heated, and that its construction was so weak that it separated in many vital structural points so that within 3 months it became unusable as living quarters or as a means of travel complied with provisions of the uniform sales act respecting implied warranties (CL 1948, § 440.15).

5. Same—Express Warranty as to Trade Name—Implied Warranty as to Fitness.
    An express warranty as to a trade name in a contract of sale of a specified article may exclude implied warranties as to its fitness for a particular purpose, but its reasonable fitness for the general purpose for which it was manufactured and sold is not excluded.

References for Points in Headnotes
[1] 12 Am Jur, Contracts § 252.
[5] 46 Am Jur, Sales §§ 334, 351.
[6] 46 Am Jur, Sales §§ 335, 336.

6. SAME—IMPLIED WARRANTY AS TO GENERAL FITNESS—EXCULPA-
TORY PROVISIONS OF CONTRACT.

> Buyer of house trailer whose declaration sufficiently averred its
> lack of fitness for general purpose for which it was purchased
> is not prevented, as a matter of law, from recovery of damages
> for breach of implied warranty of fitness for such general pur-
> pose by reason of clauses in contract stating the instrument
> contained the entire agreement between the parties and that
> there were no representations, promises or statements by the
> seller other than as therein contained and the only express
> warranty was that a trailer coach of the specified trade name
> would be delivered with a hydraulic dolly installed (CL
> 1948, §§ 440.15, 440.71).

Appeal from Ingham; Elliott (Philip), J., presid-
ing. Submitted October 9, 1951. (Docket No. 59,
Calendar No. 44,816.) Decided December 3, 1951.

Action by Fred Wade against Chariot Trailer
Company and Tony Schmitt, Inc., Michigan corpora-
tions, for damages for breach of warranty. Directed
verdict and judgment for defendants. Plaintiff ap-
peals. Reversed and new trial granted.

*John Wendell Bird,* for plaintiff.

*Hubbard, Fox & Thomas,* for defendant Tony
Schmitt, Inc.

BUSHNELL, J. On August 28, 1947, plaintiff Fred
Wade purchased a new "Chariot" house trailer from
defendant Tony Schmitt, Inc., a retail dealer in
house trailers. The manufacturer, Chariot Trailer
Company, is also named as a defendant.

Wade executed an order, which was accepted in
writing by A. J. Schmitt, president of Tony Schmitt,
Inc. This order shows a purchase price of $2,903.95,
which includes an installed hydraulic dolly, sales tax,
and a license for one-half year. Wade was allowed
$1,095 for a used Alma house trailer, which he de-

livered to Tony Schmitt, Inc., and he paid a cash deposit of $308.95. To the balance due of $1,500 was added insurance and finance charges of $484.68.

Two days later, Wade and his wife signed a conditional sales contract, which was executed by Schmitt, who then assigned the corporation's interest therein to the Michigan National Bank. This contract provided for monthly instalment payments of $55.13 each, beginning October 1, 1947.

Almost immediately after the delivery of the trailer, Wade, it is claimed, started on a trip west, and within several weeks experienced trouble with the new trailer. According to his counsel's opening statement and the allegations of his declaration "the paint peeled off in huge sheets," the floors and interior walls began to "curl and warp," mildew and dampness collected on the walls, floors and interior, and "the interior and exterior finish rusted, tarnished and corroded." Because of improper insulation it "was so pervious to wind and weather that it could not be adequately heated," and its construction was so weak that it separated in many vital structural points with the result that within 3 months it "became unusable as living quarters or as a means of travel."

Upon Schmitt's refusal to rectify the situation, Wade began this action for damages on February 20, 1948. Since commencement of suit the contract assignee repossessed and sold the trailer.

At the conclusion of plaintiff's opening statement defendant Tony Schmitt, Inc., moved the court for a directed verdict, which was granted. This motion was based on CL 1948, § 440.71 (Stat Ann § 19.311), being section 71 of the Michigan uniform sales act, which reads:

"Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agree-

ment or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

The motion was predicated upon the following language in the signed order and executed conditional sales contract which defendant contends are "exculpatory or disclaimer provisions," as discussed in *Kolodzcak* v. *Peerless Motor Co.,* 255 Mich 47. The language of the order is:

"It is further agreed that there are no understandings, agreements or representations, express or implied, not specified herein respecting this order and terms mentioned, and this instrument contains the entire agreement between the parties, and is binding on both parties."

The conditional sales contract language relied upon by defendant reads:

"The undersigned seller agrees to sell and the undersigned purchaser agrees to purchase the following described property and accessories attached thereto which the purchaser has examined and accepted in its present condition and as to which there are no representations, promises or statements by the seller other than made herein."

In his declaration plaintiff says that:

"Prior to the signing of the said purchase agreement and the said conditional sales contract, and as an inducement to plaintiff's purchase of said house trailer the defendant, Tony Schmitt, Inc., by its salesmen and agents represented to this plaintiff that the said house trailer was a new trailer in perfect shape, and that it had never been used. They further represented that the said trailer was constructed in workmanlike manner, and that it would stand up under all reasonable and proper road conditions, as well as under all usage. Plaintiff further says that said salesmen and agents represented to him that the said trailer was thoroughly insulated;

that it was of good sound construction, manufactured from sound and sturdy materials, and that it was dampproof and weatherproof; that the said house trailer was exactly as good as it appeared, and that it contained no hidden defects or imperfections; that, as a matter of fact, it was better constructed than the Alma trailer he was trading in as a down payment, because it was a later and improved house trailer model.

"Plaintiff further says that the said defendant, by its agents, expressly warranted the said trailer to be characterized by all of the particulars enumerated in the foregoing paragraph, and further warranted that the said trailer would prove satisfactory in every respect for family usage and for living and traveling purposes, and that it would give plaintiff years of reliable continuous service. And plaintiff further says that by reason of the relationship of seller and purchaser which existed between the said Tony Schmitt, Inc., and the said defendant Chariot Trailer Co., a Michigan corporation, as the manufacturer of said house trailer, and the said plaintiff as purchaser, there was in addition on the part of the said manufacturer, as well as on the part of the said Tony Schmitt, Inc., an implied warranty that the said trailer was well and sturdily constructed in workmanlike manner, of strong materials, and adapted for the use for which it was manufactured and sold, and that it would give satisfactory service in every respect, and that it contained no hidden defects or imperfections."

On appeal, plaintiff argues that an implied warranty of fitness for use is not excluded by an express warranty of title or other related subjects, and that a negative provision as to other understandings, agreements or representations does not constitute such an express agreement that would bar recovery as contemplated by section 71 of the uniform sales act hereinbefore quoted.

In the *Kolodzcak Case, supra,* there was an express 90-day warranty with a provision in the contract that there were no other understandings, agreements or warranties, expressed or implied. This Court held that the express 90-day warranty, plus the exculpatory provision, was controlling and decisive.

Here, the only express warranty is that a new 1947 trailer coach of the make or trade name "Chariot" would be delivered with a hydraulic dolly installed.

Defendant Tony Schmitt, Inc., if it desired to avoid liability for the implied warranty of fitness for use, could have easily excluded such liability in unmistakable language, as is permitted by language of the quoted statute, *supra.* The contract which defendant drafted should be strictly construed against it. *Michigan Chandelier Co.* v. *Morse,* 297 Mich. 41, and *Veenstra* v. *Associated Broadcasting Corporation,* 321 Mich 679.

The purpose of the doctrine of implied warranty of fitness for use is to promote high standards in business and to discourage sharp dealings. *Bekkevold* v. *Potts,* 173 Minn 87 (216 NW 790, 59 ALR 1164).

A provision seeking to exclude implied warranties should be strictly construed. See *Lutz* v. *Hill-Diesel Engine Co.,* 255 Mich 98; and *Deere & Webber Company* v. *J. J. Moch,* 71 ND 649 (3 NW2d 471, 139 ALR 1270).

Plaintiff's pleadings were sufficient to comply with the provisions of CL 1948, § 440.15 (Stat Ann § 19.255) regarding implied warranties.

An express warranty as to a trade name in a contract of sale of a specified article, in this instance a "Chariot trailer coach," may exclude implied warranties as to its fitness for a particular purpose, but its reasonable fitness for the general purpose for

which it was manufactured and sold is not excluded. See *Damman* v. *Mercier-Bryan-Larkins Brick Co.*, 253 Mich 392; and *Outhwaite* v. *A. B. Knowlson Co.*, 259 Mich 224.

The decisions of this Court do not, as suggested by the trial judge, prevent the plaintiff, under the allegations of the declaration and in the light of the restricted language of the written agreement, from having his day in court.

The judgment entered upon the directed verdict is vacated and the cause is remanded for new trial. Costs to appellant.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.